ALBERT STANLEY *v.* CITY OF HARTFORD

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

644

Argued January 7—decided February 9, 1954

*Milton Krevolin,* with whom, on the brief, were *Morton E. Cole, Cyril Cole* and *A. Arthur Giddon,* for the appellant (plaintiff).

*C. Duane Blinn,* with whom, on the brief, was *Ralph C. Dixon,* for the appellee (defendant).

O'SULLIVAN, J. The record discloses the following: On March 15, 1947, the plaintiff instituted this action against the city of Hartford. The writ was returned to the Superior Court on the first Tuesday of April, 1947. The complaint sounded in nuisance. The plaintiff sought to recover damages for injuries alleged to have been inflicted upon him when he was struck by a fire hose coupling during the preceding April. On May 14, 1947, the defendant filed its answer, which incorporated two special defenses. A demurrer addressed to one of them was overruled, and on August 24, 1949, the plaintiff filed his reply. There is nothing to explain why he failed to try his case within the almost four years which then followed.

The next matter appearing in sequence in the record is an order of court, under the caption "Pretrial memo and order" and dated May 19, 1953, stat-

ing the following: "Enter non-suit . . . for not properly being prepared for pre-trial." On the same date, a judgment of nonsuit[1] was entered in compliance with the order. On May 29, 1953, the plaintiff appealed from the judgment and at the same time filed an assignment of errors which was subsequently amended on June 12, 1953. The assignment as thus amended raises many questions, but only two of them have been briefed. The others must be treated as abandoned. *Freund* v. *Burns,* 131 Conn. 380, 386, 40 A.2d 754; Maltbie, Conn. App. Proc., § 165. The first question challenges the legality of the nonsuit. In other words, the plaintiff maintains that the court had no authority to enter the judgment of nonsuit.

In 1939, the judges of the Superior Court adopted a rule to establish procedure for what had come to be known as pretrial. The rule became effective on January 1, 1940, and has remained in unamended form. Practice Book § 144.[2] Pretrial has been a

---

[1] "JUDGMENT. This action, by writ dated March 15, 1947, and complaint claiming $25,000.00 damages, as on file, came to this court on the first Tuesday of April, 1947, and thence to the present time, when the parties appeared but the plaintiff failed to be prepared in Pre-Trial Proceedings.

"Whereupon it is adjudged that a Judgment of Non-suit be entered for failure of the plaintiff to be prepared in Pre-Trial Proceedings and that the defendant recover of the plaintiff its costs taxed at dollars and cents.

"By the Court,
Robert L. Allyn,
Assistant Clerk."

[2] "[Practice Book] Sec. 144. PRETRIAL PROCEDURE. The chief justice may, when the condition of business requires, designate one or more of the judges of the superior court to hold court in any county, and to examine the files of civil cases pending on the trial list, establish a pretrial list of such cases, and request parties or direct their attorneys to attend a call of said list, at which call continuances, nonsuits, or defaults may be entered, and also the following matters may be considered:

juridical development of modern times.[1]  Clark, Code
Pleading (2d Ed.) p. 572 et seq.; Vanderbilt, Mini-
mum Standards of Judicial Administration, p. 206 et
seq.  It was devised largely as a frontal assault upon
a docket which, in recent years, has become more and
more overloaded with untried cases.  The procedure
has been subjected to criticism in the past, although,
we add, the criticism appears to have been more
audible than substantial.  Section 144 cannot be vali-
dated, however, either by the desirability of its objec-
tive or by a show of hands, as in a popularity contest.
Its validity must be determined on other grounds.

It is not necessary for us to determine whether
the judges of the Superior Court, as members of an
independent branch of government, had inherent
power to set up rules to govern procedure in the
judicial system.  The General Assembly specifically
empowered them to do so.  General Statutes § 7655
(as amended, Cum. Sup. 1953, § 2361c).[2]  We recently

"(1) Simplification of the issues;

"(2) Amendments to pleadings;

"(3) Stipulations of parties, admissions of fact, and of documents
which will avoid unnecessary proof;

"(4) The limitation of number of expert witnesses;

"(5) Possibility of settlement;

"(6) Such other matters as may aid in the disposition of the action.

"Upon consideration of the above matters, the court may make any
appropriate order and such order when entered shall control the sub-
sequent conduct of the case unless modified at the trial to prevent
manifest injustice."

[1] For a discussion of the historical forerunners of pretrial,  see Millar,
Civil Procedure of the Trial Court in Historical Perspective, p. 229
et seq.

[2] "Sec. 7655.  RULES RELATING TO PROCEDURE.  The judges of the
superior court, at their annual meeting or at any special meeting called
for that purpose, may make orders and rules to carry into effect the
provisions of the practice act, including suitable forms of procedure
thereunder, and may make other rules for the dispatch of business in
said court."

held that the statutes now give the judges authority, if needed, to make rules not only to carry out the terms of the Practice Act but also to provide for other proceedings in the Superior Court. *In re Appeal of Dattilo,* 136 Conn. 488, 492, 72 A.2d 50.

The plaintiff does not challenge the power of the judges to adopt the rule in question, save in one particular. He maintains that, while they could properly set up steps for pretrial procedure and establish the scope of pretrial activities, they were, at the adoption of the rule, and still are, without authority to provide sanctions against a party who does not comply with its requirements. In other words, the plaintiff insists that a rule of court may provide for a nonsuit only if the nonsuit is specifically authorized by statute and that, since no authorization so far as § 144 is concerned is to be found in any legislative enactment, the sanction of a nonsuit incorporated in the rule is invalid. In taking this position, the plaintiff relies upon a statement, appearing in *Galvin* v. *Birch,* 98 Conn. 228, 232, 118 A. 826, that "[o]ur statutes control the cases in which a nonsuit may be granted." We were there examining the word "nonsuit" in the context of a section of the chapter covering the subject of replevin. General Statutes, Rev. 1918, § 6104. We determined that the erasure or dismissal of a replevin action was not a nonsuit within § 6104, permitting a defendant, after nonsuit, to file an answer and counterclaim and to recover such damages as he may have sustained, together with a judgment for the return of the property. *Galvin* v. *Birch,* supra, 230. The statement referred to must be read in the light of the matter then under discussion. It is not applicable to the case at bar, which deals with the power of the judges to adopt the rule as written. It is hardly reasonable to believe that, if a legislative

grant of power was at all necessary, the General Assembly would have given the judges of the Superior Court the rule-making power found in § 7655 while withholding from them the power to enforce the rules adopted. See *Young* v. *Newark Fire Ins. Co.,* 59 Conn. 41, 45, 22 A. 32; 3 Moore, Federal Practice (2d Ed.) p. 1110, ¶16.07 and n.7. But whether the legislature intended to grant or to withhold such power is of no moment, since the court has inherent power to provide for the imposition of reasonable sanctions to compel the observance of its rules. Implicit in the assignment of a case for pretrial is an order that each party, through counsel, shall appear before the court prepared to accomplish, so far as possible, the various purposes of the hearing set forth in detail in § 144. If he comes unprepared, he fails to comply with an order of the court, and such a failure is always ground for a nonsuit or default. The provision in § 144 of the Practice Book authorizing the entry of a nonsuit is valid.

The second claim raised by the plaintiff through his assignment of errors is that, even if he concedes the power of the court to enter judgment of nonsuit under the rule, the court, in exercising that power upon the facts of this case, abused its discretion. Whether this claim has any merit cannot be determined upon the record before us. The nonsuit ordered by the court was not one entered on the trial of a case. It was not within the category of nonsuits referred to in §§ 7977 and 7978 of the General Statutes. See Maltbie, Conn. App. Proc., § 7. It was not one, therefore, the propriety of which can be determined on the transcript of the evidence taken on the trial as provided for in § 415 of the Practice Book. Rather was it the result of a ruling made by the court upon conclusions of fact as to the plaintiff's

unpreparedness. A ruling thus made cannot be considered by us in the absence of a finding of the facts surrounding the ruling. *Munson* v. *Atwood,* 108 Conn. 285, 289, 142 A. 737. Since there is no finding in the record, we have nothing upon which to examine the plaintiff's grievance and to predicate a decision. Ibid; see *Went* v. *Schmidt,* 117 Conn. 257, 259, 167 A. 721.

There is no error.

In this opinion the other judges concurred.