SCOTT JACONSKI ET AL. *v.* AMF, INC., ET AL.
(13375)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and GLASS, Js.

Argued May 31—decision released July 12, 1988

*Wesley W. Horton,* with whom was *Susan M. Cormier,* for the appellants (plaintiffs).

*Robert A. Brooks,* with whom was *Antonio B. Braz,* for the appellees (named defendant et al.).

*Jeffrey L. Williams,* with whom, on the brief, was *Kirby G. Huget,* for the appellee (defendant Harley-Davidson Sales Corporation).

SHEA, J. This is an appeal by the plaintiffs from the trial court's nonsuit of their case for failure to comply with an order of the court. We find no error.

This products liability action was commenced in March, 1986, and assigned to the trial court under the "individual calendar" program. The plaintiffs are Scott Jaconski and his wife, Catherine Jaconski, who were injured while riding a motorcycle manufactured and sold by the defendants, AMF, Inc. (AMF), Harley-Davidson Motor Co., Inc. (Harley Motor), and Harley-Davidson Sales Corporation (Harley Sales). On appeal, the plaintiffs claim that the trial court erred (1) in entering a nonsuit on its own motion, and (2) in denying their motion to set aside the nonsuit on the ground that the plaintiffs' negligence precluded such relief.

On November 12, 1986, AMF and Harley Motor filed a request to revise the plaintiffs' complaint. On November 21, 1986, these defendants served interrogatories and requests for production upon the plaintiffs. At a pretrial discovery conference on May 12, 1987, the court ordered counsel for the plaintiffs to file a revised complaint within one week of May 12, 1987, and further

ordered the plaintiffs to respond to the interrogatories by June 15, 1987. These orders were followed by a written pretrial order to the same effect on May 14, 1987.

On June 19, 1987, AMF and Harley Motor filed a motion for nonsuit because the plaintiffs had failed to file a revised complaint and had failed to respond to AMF's interrogatories of November 21, 1986, as ordered by the court. On June 22, 1987, the plaintiffs filed objections to AMF's and Harley Motor's request to revise filed November 12, 1986.

AMF's and Harley Motor's request to revise and the plaintiffs' objections to the request to revise appeared on the short calendar on July 27, 1987. At that hearing, the trial court determined that the court's order to the plaintiffs to revise their complaint within one week had not been complied with and the court on its own motion nonsuited the plaintiffs pursuant to Practice Book § 351 for failure to comply with an order of the court. No motion for nonsuit was on the short calendar list for hearing that day.

I

The plaintiffs claim that the trial court misconstrued its authority under Practice Book § 351 when it entered a nonsuit against the plaintiffs, on its own motion, for their failure to comply with an order of the court. Their argument is twofold: first, the trial court is not authorized to enter a nonsuit under Practice Book § 351 on its own motion, and second, they had no notice that the trial court would nonsuit them.

Practice Book § 351 provides that "[i]f a party fails to comply with an order of court or a citation to appear or fails without proper excuse to appear for trial, he may be nonsuited or defaulted by the court." Section 351 thus plainly authorizes the trial court to enter a nonsuit for noncompliance with its orders. Further, the

trial court has the inherent power to provide for the imposition of reasonable sanctions, to compel the observance of its rules. *Gionfrido* v. *Wharf Realty, Inc.,* 193 Conn. 28, 33, 474 A.2d 787 (1984); *Stanley* v. *Hartford,* 140 Conn. 643, 648, 103 A.2d 147 (1954). As we noted in *Gionfrido,* the trial court has the responsibility to process cases in a timely and efficient manner. " 'In order to fulfill our responsibility of dispensing justice we in the judiciary must adopt an effective system of caseflow management. Caseflow management is based upon the premise that it is the responsibility of the court to establish standards for the processing of cases and also, when necessary, to enforce compliance with such standards. Our judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system. . . .' " *Gionfrido* v. *Wharf Realty, Inc.,* supra, 32–33, quoting *In re Mongillo,* 190 Conn. 686, 690–91, 461 A.2d 1387 (1983).

The plaintiffs suggest that because no motion for nonsuit was on the short calendar for July 27, 1987, they had no notice that the trial court would nonsuit them. We disagree. On May 12, 1987, at the pretrial discovery conference, the trial court directed the plaintiffs' counsel to file a specified document by a specified date. Under these circumstances, the order itself in conjunction with § 351 constituted sufficient notice that failure to comply could result in a nonsuit. On May 14, 1987, the trial court issued a written order that embodied the order of May 12, and on June 19, 1987, AMF and Harley Motor filed a motion for nonsuit because the plaintiffs had failed to comply with the May 12 order of the court.[1] These facts indicate that the plain-

---

[1] We note that the trial court need not have issued the May 14 written order for the plaintiffs to have had sufficient notice of the possibility of a nonsuit: the oral order at the May 12 pretrial conference was enough. We mention the May 14 written order and the June 19 motion for nonsuit to emphasize that there could have been little doubt by the plaintiffs as to what was expected of them, as well as to the possible consequences if they failed to comply.

tiffs were more than amply apprised of the potential consequences of failing to comply with the court's May 12 order.

The plaintiffs contend also that a "prior notice" requirement, such as that found in Practice Book § 251 ("Dismissal for Lack of Diligence"),[2] should be engrafted onto Practice Book § 351.[3] As noted above, however, the May 12 order itself constituted notice to the plaintiffs that they could be nonsuited for failure to comply with the court's order. Further, the facts of the instant case are readily distinguishable from a § 251 situation. Under § 251, the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the "reasonable" section of the diligence spectrum. See, e.g., *Gionfrido* v. *Wharf Realty, Inc.,* supra. The two week notice requirement, where applicable, allows a party to offer an explanation for his delay, or to cure the deficiency that is the basis for the proposed dismissal. Under § 351, on the other hand, an order of the court has already been entered, and whether the order is justified because of a lack of diligence is no longer arguable. An order of the court must

---

[2] "[Practice Book] Sec. 251. DISMISSAL FOR LACK OF DILIGENCE

"If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests.

"If a case is printed on a dormancy calendar pursuant to the dormancy program administered under the direction of the chief court administrator, and a motion for default for failure to plead is filed pursuant to Sec. 128, only those papers which close the pleadings by joining issues, or raise a special defense, may be filed by any party, unless the court otherwise orders."

[3] Under Practice Book § 251, at least two weeks notice is required except in cases appearing on an assignment list for final adjudication.

be obeyed until it has been modified or successfully challenged. See *Fox* v. *First Bank,* 198 Conn. 34, 40 n.3, 501 A.2d 747 (1985). When an order has been entered, a party is not faced with the uncertainty of forecasting whether his conception of "reasonable diligence" conforms with the trial court's view. A party is presumed to be aware of the rules of practice and thus to know that disobedience of a court order may result in a nonsuit under § 351. When the plaintiffs in this case, therefore, failed to file a revised complaint as ordered, they must be presumed to have had notice that their failure to do so could result in a nonsuit. The trial court was within its discretion in nonsuiting the plaintiffs for failure to file the revised complaint.[4]

## II

The plaintiffs filed a motion to set aside the nonsuit on August 7, 1987, within the four month period allowed by General Statutes § 52-212.[5] The plaintiffs' counsel attached to the motion an affidavit in which

[4] In this appeal we need not determine whether the plaintiffs may, in seeking a further remedy, commence a new action pursuant to General Statutes § 52-592, which provides in part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . a judgment of nonsuit has been rendered . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." See *Pavlinko* v. *Yale-New Haven Hospital,* 192 Conn. 138, 144–45, 470 A.2d 246 (1984).

[5] "[General Statutes] Sec. 52-212. REOPENING JUDGMENT UPON DEFAULT OR NONSUIT. (a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

he sought to establish that the plaintiffs were prevented by mistake, accident or other reasonable cause from complying with the court's order. On September 29, 1987, the court issued a memorandum of decision denying the plaintiffs' motion to set aside the nonsuit. In its memorandum of decision, the trial court found that the plaintiffs' failure to comply with the court's order was due to their negligence, and not to mistake, accident or other reasonable cause. The trial court held that because the plaintiffs had failed to make a showing of mistake, accident or other reasonable cause, as required by § 52-212, the court had no discretion to set aside the nonsuit.[6]

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear.

"(c) The court shall order reasonable notice of the pendency of the complaint or written motion to be given to the adverse party, and may enjoin him against enforcing the judgment or decree until the decision upon the complaint or written motion."

Practice Book § 377 contains a similar provision: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The court shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such written motion.

"If the court opens a nonsuit entered pursuant to Sec. 363, the court as part of its order may extend the time for filing pleadings or disclosure."

[6] In its memorandum of decision, the trial court stated: "The reasons given for plaintiffs' failure to obey the court's orders of May 12, 1987 were all the negligence of plaintiffs. Negligence is not reasonable cause under Conn. Gen. Stat. § 52-212 or Practice Bk. § 377. *Jaquith* v. *Revson*, 159 Conn.

The plaintiffs claim that a finding of negligence by the trial court does not necessarily preclude the court from setting aside a nonsuit. We disagree.

The power of a court to set aside a nonsuit judgment is controlled by § 52-212. *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Bldg. Supply Co.*, 196 Conn. 233, 234–35, 492 A.2d 159 (1985); *Eastern Elevator Co.* v. *Scalzi*, 193 Conn. 128, 131, 474 A.2d 456 (1984); *Jaquith* v. *Revson*, 159 Conn. 427, 431, 270 A.2d 559 (1970). The statute provides that any judgment rendered upon a nonsuit may be set aside upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action in whole or in part existed at the time of the rendition of the judgment and that the plaintiff was prevented by mistake, accident or other reasonable cause from prosecuting the action. It is thus clear that there is a two-pronged test for setting aside a judgment rendered after a nonsuit. *Eastern Elevator Co.* v. *Scalzi,* supra. There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause. General Statutes § 52-212; Practice Book § 377; *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Bldg. Supply Co.,* supra, 235.

In *Eastern Elevator Co.* v. *Scalzi,* supra, 131–32, we reiterated that in granting or denying a motion to open a judgment, the trial court is required to exercise a

427, 432 [270 A.2d 559 (1970); *Segretario* v. *Stewart-Warner Corporation,* 9 Conn. App. 355, 362 [519 A.2d 76 (1986)]. Before the requirements of the statute and the practice book are complied with, i.e., before reasonable cause, mistake or accident are proven, the court cannot begin to use its discretion to set aside a nonsuit. [*Segretario* v. *Stewart-Warner Corporation,* supra, 363]."

sound judicial discretion and its decision will be set aside only for an abuse of such discretion. We noted in *Jaquith* v. *Revson,* supra, that the denial of a motion to set aside a nonsuit should not be held to be an abuse of discretion in any case in which it appears that a plaintiff has not been prevented from prosecuting the claim by mistake, accident or other reasonable cause. Further, we have long held that negligence is no ground for vacating a judgment, and that the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was the result of negligence. *People's Bank* v. *Horesco,* 205 Conn. 319, 323–24, 533 A.2d 850 (1987); *Jaquith* v. *Revson,* supra, 432; *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 34, 82 A.2d 146 (1951).

The trial court made the specific finding that the failure of the plaintiffs to file the revised complaint was due to their negligence, and not to any accident, mistake or other reasonable cause. This finding was well within the trial court's discretion. See *People's Bank* v. *Horesco,* supra, 324. Because the finding signified that the plaintiffs had not fulfilled the statutory prerequisites for setting aside a nonsuit, the trial court correctly concluded that it had no authority to set aside the nonsuit.

The plaintiffs claim that a proper reading of *Trichilo* v. *Trichilo,* 190 Conn. 774, 462 A.2d 1048 (1983), demonstrates that a court may set aside a nonsuit, despite a finding of negligence by that court. In *Trichilo,* the trial court rendered a judgment of default against the defendant for failure to appear and awarded damages to the plaintiff; the trial court later denied a motion to open the judgment. In affirming the trial court, we stated: "Although a reasonable degree of liberality should be exercised in determining whether a default has resulted from *excusable neglect,* the transcript indicates no abuse of discretion by the trial court in that

respect . . . ." (Emphasis added.) Id., 783. This statement does not support the plaintiffs' contention that a court may set aside a nonsuit, despite a finding of negligence. Rather, *Trichilo* reflects the legislative determination embodied in General Statutes § 52-212 that not all deviations from ideal performance constitute negligence, and that a limited class of deviations may be excusable because they were the result of "mistake, accident or other reasonable cause." General Statutes § 52-212. In those cases, the trial court may exercise its discretion and set aside a judgment of nonsuit.

The trial court was within its discretion in finding negligence on the plaintiffs' part. Having determined that the plaintiffs failed to meet the statutory requirements of § 52-212, the trial court correctly concluded that it had no authority to set aside the judgment of nonsuit against the plaintiffs.

There is no error.

In this opinion the other justices concurred.