[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS PURSUANT TO PRACTICE BOOK SECTION 251
This action was commenced in 1981, and is part of a series of cases brought by the plaintiff in state and federal court, all of which were decided adversely to him. See Town of Groton v. Johl, No. 69839, Superior Court, New London Judicial District. (Memorandum of Decision, December 3, 1984, Schaller, J.). In that case Judge Schaller enjoined the plaintiff from ". . . instituting or prosecuting in any court of this state any further actions against the (Town of Groton) based upon any claim with respect to the properties taken by the (Town of Groton) in Case No. 046815, or upon any claim for money damages or other relief in connection with that taking, or upon any claim that the judgment in that action or any proceedings therein was invalid or defective. . . ." Memorandum of Decision, Id., at 5.
Shortly after the return date, the plaintiff filed a petition to remove this case to the federal court. This petition was dismissed by that court in 1983 for failure to prosecute. Since 1983, the plaintiff took no action to close the pleadings or prosecute this case, until June 1991, when he filed three motions which were fully heard on short calendar and decided in a memorandum of decision.
This court, on its own motion, ordered that a hearing be held to determine whether this case should be dismissed pursuant to Practice Book Section 251, which provides, in pertinent part: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Section 196, or CT Page 7769 on its own motion, render a judgment dismissing the action with costs. At least two weeks notice shall be required except in cases appearing on an assignment list for final adjudication. . . ."
Our Supreme Court, when upholding a trial court's dismissal of a plaintiff's tort action under Practice Book Section 251 for failure of the plaintiff's attorney to arrive at court within 20 minutes of an appointed time, has said: "We have noted the responsibility of the trial court to process cases in a timely and efficient manner. Overcrowded dockets have become a major problem challenging the ability of the courts of this State and elsewhere to dispense justice. It is well known that justice delayed is justice denied. . . Our judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system. . . ." Gionfrido v. Wharf Realty, Inc., 193 Conn. 28, 32-33 (1984)
Here, as stated, the plaintiff took no action in this case for almost ten years, aside from his petition for removal to the District Court. It appears from the dismissal of his petition for failure to prosecute, he did not prosecute the action there. In June of 1991 he took no action to default the defendant for failing to appear or plead, but filed three motions not directed to closing the pleadings. The three motions were dismissed as inappropriate.
Moreover, this case is clearly another attempt by the plaintiff to litigate anew the issues decided in Docket No. 046815, in direct contravention of Judge Schaller's orders.
"Under Section 251, the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the `reasonable' section of the diligence spectrum." Jaconski v. AMF, Inc., 208 Conn. 230, 234
(1988). Even granting this experienced, pro se plaintiff far greater latitude than that accorded to a litigant represented by counsel, the plaintiff's almost ten year delay between commencement of the action and the present time without the close of the pleadings and a claim for the trial list, falls so far outside the permitted gradations of diligence, that it is not on the `diligence spectrum' at all.
Accordingly the case is dismissed.
Teller, J.