[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
On December 23, 1991, the court granted the plaintiff's motion to re-open the judgment of non-suit entered against the plaintiff for failure to attend a scheduled pre-trial conference.
The defendant Richard W. Sorenson moves for an articulation of the court's reasoning in granting plaintiff's motion to re-open the judgment of non-suit.
This action began in April of 1988. The plaintiff claims to be entitled to compensation for training a boxer known as Marlon Starling.
As evidenced by three voluminous parts of the file, the case has been hotly contested by both sides. Both sides have engaged in a pleading war with each side seeking sanctions against the other at various times.
On October 16, 1991, a pre-trial was scheduled by the court. The plaintiff failed to appear for the pre-trial. The court entered a judgment of non-suit against the plaintiff for failure to appear at the pre-trial.
The court granted the plaintiff's motion to re-open the judgment of non-suit based upon the representation of plaintiff's attorney, Mark R. Leder, in his affidavit to the court dated October 21, 1991, and in the Memorandum of Attorney Leder dated December 23, 1991.
Basically, Attorney Leder recited that the plaintiff's failure to attend the October 16, 1991 pre-trial was due to a temporary worker who failed to mark the office calendar scheduling pre-trials. Attorney Leder claimed that through the mistake, accident or incompetence of the worker, a mistake was made. Attorney Leder claims that this mistake qualifies as a mistake referred to in C.G.S. 52-212.[1]
 "The standard for a trial court's determination of a motion to open a judgment of nonsuit is definitively established by statute, rule of court, and judicial precedent. The motion to open the judgment of non-suit should have been granted if, but only if, the court, in its sound discretion, found that the [intervening plaintiff] had shown `reasonable cause' under 52-2212 of the General Statutes. See also Practice Book 286 [now 377]. The granting of relief under this statute, when its provisions are CT Page 100 properly complied with, lies within the sound discretion of the trial court. But the orderly administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute . . . Such relief ordinarily should not be granted if the failure to comply with an order of the court resulted from the moving party's own negligence. (Citations and footnote omitted.) Jaquith v. Revson, supra, 431-32."
Segretario v. Stewart-Warner Corporation, 9 Conn. App. 355,361-62 (1986).
The issue, in deciding whether or not to grant plaintiff's motion to re-open the judgment of non-suit, is whether the reason given by Attorney Leder for his failure to attend the court ordered pre-trial was "reasonable cause" or negligence upon the part of plaintiff or plaintiff's counsel.
"Negligence" is defined as the "lack of due diligence or care." Ballentine's Law Dictionary, (3ed.) p. 840.
Negligence, in a legal sense, contemplates the establishment of a standard or reasonable care and a deviation from that standard. Logan v. Greenwich Hospital Assn.,191 Conn. 282, 299 (1983).
In dealing with a motion to re-open a judgment of non-suit, our Supreme Court has left it to the trial court in its discretion to make a finding of "reasonable cause" based upon the affidavits submitted with the motion. See Jaconski v. AMF, Inc., 208 Conn. 230, 238 (1988).
We recognize that the court has the responsibility to maintain effective case-flow management, and to enforce compliance with court orders. Id. at 233. We also recognize that "[o]ur judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system . . . . (citations omitted)". Id. at 233.
This court's decision, that the action of the part-time worker was "reasonable cause" to excuse the plaintiff from attending the court ordered hearing rather than negligence, is based upon an exercise of sound judicial discretion after considering the elements of C.G.S. 52-212. Id. at p. 237-38.
Defense counsel argues that the facts in this case are the same as in Segretario v. Steward-Warner Corporation, supra, and that we should find that the act of the secretary was negligence. CT Page 101
In the Segretario case, supra, the trial court did not rule that the failure of counsel's secretary to record the date on the calendar was negligence. Segretario at p. 362. In fact, the trial court's ruling on denying the motion to re-open judgment and to set aside the judgment of non-suit was based upon the intervening plaintiff's lack of preparation. Id. p. 362. Such reasoning by the trial court, as a basis for not setting aside a judgment of non-suit, was held to be error. Id. at p. 362. However, we note that the appellate court in Segretario made a finding which was ignored by the trial court that the failure of the attorney's secretary to properly diary the pre-trial assignment in his calendar was not a sufficient reason to meet the demands of C.G.S. 52-212. Id. In effect, the appellate court, in Segretario, exercised the function of the trial court in rendering its decision.
In order for the court to determine whether or not the temporary worker's action was negligence, it would be appropriate for defendant's attorney to offer evidence at the hearing on the motion to set aside the judgment of non-suit as to what standard of care would apply to a secretary, and whether or not the actions of the temporary worker failed to live up to that standard.
Solely, from the facts presented in plaintiff's affidavit, the court cannot conclude that the temporary worker's action was negligence rather than a mistake.[2]
Accordingly, the court confirms the decision to grant the plaintiff's motion to set aside the judgment of non-suit.
ARONSON, J.