[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT AND SET ASIDE NONSUIT (No. 152.5) DATED APRIL 3, 1992
This case comes to this court on a motion made to open a judgment under Connecticut General Statutes 52-212 and52-212a and Connecticut Practice Book 377. The request is that the nonsuit and judgment thereon entered by the court (Karazin, J.) on March 10, 1992 be opened and set aside and that the matter be restored to the trial docket.
The relevant statute is 52-212 and 377 of the Practice Book. Because it is a rule of court, this court will address 377 of the Practice Book which mirrors the statute.
The power of a court to set aside a nonsuit judgment is controlled by 52-212 and 377 of the Practice Book. Jaconski v. AMF, Inc., 208 Conn. 230 at page 237 (1988).
The statute provides that any judgment rendered upon a nonsuit may be set aside upon a written motion of any party prejudiced thereby showing reasonable cause in whole or in part CT Page 4801 existed at the time of the rendition of the judgment. Further, the requirement is that the plaintiff was prevented by mistake, accident, or other reasonable cause from prosecuting the action.
There is a two prong test for setting aside a judgment rendered after nonsuit. See Eastern Elevator Co. v. Scalzi,193 Conn. 128 at p. 131 (1984). The two prongs are (1) that a good cause of action, the nature of which must be set forth, existed at the time the judgment was rendered; and, (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause.
It is clear then that requirement two is a necessary ingredient. A discussion of requirement two is dispositive of this case. Attached to this memorandum of decision is the memorandum of decision rendered by this court on March 18, 1992. The first four pages of that decision set forth the facts at the time of trial. It is clear that both the plaintiff wife and her attorney left of their own volition. The plaintiff wife's testimony at the hearing on the motion to reopen was that she was in the courtroom in the morning and knew of the order to proceed to trial but she left. She argued this motion pro se.
It is clear that the nonappearance of the attorney and the plaintiff wife was not an accident. In fact, it was an intentional act. Both of the parties, the attorney and the plaintiff wife, were ordered to be in the courtroom for trial. There has been presented no evidence of any reasonable cause for their nonappearance. They made a conscious decision not to appear.
Although the wife now appears to argue that it was a "mistake" that she did not appear and present her case, it is clear that the "mistake" addressed in the practice book section is one that was a mistake in fact or circumstances that would excuse her nonappearance. In a reported case a defendant's failure to appear for trial on an assigned date because the case never appeared on an assignment list and the caseflow coordinator had told the defendant no trial was scheduled for that date did constitute a good cause for opening a judgment of default. Cholewinski v. Conway, 14 Conn. App. 236, 242 (1988). In that case it was a mistake made by them as the result of action or inaction by someone else. In another reported case a secretary's failure to diary a pretrial assignment on the lawyer's calendar did not constitute a reasonable cause sufficient to set aside a nonsuit. Segretario v. Stewart-Warner Corp., 9 Conn. App. 355 (1986).
At best, the actions of the attorney and the plaintiff wife were negligent. It is clear that a finding of negligence CT Page 4802 by a trial court does preclude the court from setting aside a nonsuit. Jaconski v. AMF, Inc., 208 Conn. 230 at 237 (1988).
It is further clear that reasonable cause is not shown in this case. The orderly administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute.
In a case where the defendant asserted there were reasonable grounds for not complying with the court order, she cited her history of illness and cause for seclusion as the reason for her failing to comply with the court order. The court in that case found that her failure to comply with a court order was due to her own negligence and, thus, the court was correct in its ruling and did not abuse its discretion in denying the motion to open the judgment of nonsuit. Jaquith v. Revson, 159 Conn. 427 at 432 (1970).
The burden is on the moving party. She has failed to sustain her burden of proof to reopen the judgment, and accordingly, the motion to reopen is denied.
EDWARD R. KARAZIN, JR., JUDGE