[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ARTICULATION
The plaintiff, Raymond Altberg, brought this action alleging a breach of warranty against the defendant, Paul Kovacs Tire Shop, Inc. The defendant was defaulted for failure to plead on October 8, 1991. Upon a motion for judgment, the court (West, J.) rendered judgment in favor of the plaintiff on December 19, 1991, and awarded damages of $10,041.50, plus interest, as well as $161.80 in costs.
The defendant filed a motion to reopen said judgment on March 24, 1992. That motion was denied by the court (Rodriguez, J.) on May 11, 1992, after argument by counsel for the parties, and after consideration of the plaintiff's objection to the motion to reopen judgment dated May 8, 1992. Subsequently, the defendant filed an appeal and has filed, on June 1, 1992, a motion for articulation.
Under Practice Book, Sec. 377, a party seeking to reopen a judgment based upon a default must show that he "was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same." In denying the defendant's motion to reopen judgment on May 11, 1992, the court concluded that the defendant made no such showing through his counsel. The affidavits filed in support of the motion merely recite that a search of counsel's office, after the judgment had entered, did not reveal a copy of the motion for judgment or a copy or the December 16, 1991 short calendar on which that motion appeared. The court finds that these statements are not sufficient to support a claim of insufficient notice. The court is cognizant of the fact that the November 14, 1991 motion for judgment contains a certification by plaintiff's counsel that a copy of the motion was sent, postage prepaid, to counsel for the defendant. The court is also cognizant of the fact that the defendant's counsel had three other matters on the December 16, 1991 short calendar, not including the instant action. "[W]e have long held that negligence is no ground for CT Page 6888 vacating a judgment, and that the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was the result of negligence." Jaconski v. AMF, Inc., 208 Conn. 230, 238 (1988). As stated by our Supreme Court in Gionfrido v. Wharf Realty, Inc., 193 Conn. 28, 32-33, quoting In re Mongillo, 190 Conn. 686,690-91, the trial court has the responsibility to process cases in a timely and efficient manner. "In order to fulfill our responsibility of dispensing justice we in the judiciary must adopt an effective system of caseflow management. Caseflow management is based upon the premise that it is the responsibility of the court to establish standards for the processing of cases and also, when necessary, to enforce compliance with such standards. Our judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system."
It is not necessary for the court to address that portion of the motion for articulation which requests that the court articulate its decision not to allow a hearing in damages.
Accordingly, the motion to reopen the judgment was denied on May 11, 1992.
RODRIGUEZ, J.