[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a judgment for the plaintiffs, Peter A. Thalheim and Maura Thalheim, entered on May 31, 1995, against the defendants, Janel Willette and Sean Healy, in the amount of $10,000 after an uncontested hearing in damages. Healy has moved (#111) to "reopen" this judgment against him.
A default entered on December 7, 1994 against this defendant for his failure to plead. The certification by the plaintiffs of the mailing of the motion for default (#104) indicates that a copy of said motion was sent to 14 Ferris Avenue, #10, Norwalk, which is the same address contained in this defendant's notice of pro se appearance. The clerk's office certified that on November CT Page 12167 11, 1994, notice of the entry of said default was sent to the defendant. Also, on April 17, 1995, the plaintiffs certified that they sent a copy of the claim for a hearing in damages to "pro se parties of record."
Both General Statutes § 52-212a and Practice Book § 377 provide that a motion to open a judgment entered after a default can be granted only upon a showing that "reasonable cause" existed, "or that a good cause of action or defense . . . existed at the time of the rendition of the judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . [making the defense]." According to Jaconski v. AMF, Inc., 208 Conn. 230, 237,543 A.2d 728 (1988), a "two-pronged test" to open a judgment is required, viz., "(1) that a good [defense], the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the [defendant] was prevented from [defending] the action because of mistake, accident or other reasonable cause."
The court finds that this defendant has not met this two-pronged test. The affidavit in support of the motion to set aside the judgment states that he was aware "of the proceedings instituted by the plaintiff," but asserts that he has a good defense in that he did not damage or reside in the premises that are the subject of this action, as claimed by the plaintiffs.
It is clear that "not all deviations from ideal performance constitute negligence, and that a limited class of deviations may be excusable because they were the result of mistake, accident or other reasonable cause." (Internal quotation marks omitted.)Jaconski v. AMF, Inc., supra, 208 Conn. 239. In this case, however, this defendant does not even purport to claim a reason why he was prevented from defending this action in a timely fashion. Therefore, the court denies the motion to open and set aside the judgment of May 31, 1995. This judgment may, of course, not be executed upon until the plaintiffs comply with Practice Book § 354, which the file indicates has not yet occurred.
So Ordered.
Dated at Stamford, Connecticut, this 31st day of October, 1995.
William B. Lewis, Judge CT Page 12168