[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (NO. 102)
William F. Bennett, acting pro se, has sued David A. Gibson CT Page 5370-U ("Gibson"), an attorney, claiming negligence, invasion of privacy, and violation of his First Amendment religious rights. Gibson has moved for summary judgment, contending that he violated no legal duty owed to the plaintiff. For the reasons stated below, I find that Gibson's position is correct and conclude that summary judgment must enter in his favor.
Although the parties have submitted detailed factual narratives which differ in some respects, there is no genuine issue as to any material fact. Gibson, as mentioned, is an attorney. On or about March 21, 1996, he was contacted by a woman named Florence; Bennett, who asked him if he prepared wills. Gibson replied that he did. Florence Bennett is the ex-wife of the plaintiff, William Bennett. She indicated that her daughter, Penny Ann Bennett (who is also the plaintiff's daughter), was a patient at a hospice and wished to make a will. (To avoid confusion, the Bennetts will be referred to by their first names.)
On March 30, 1994, Florence brought Penny Ann to Gibson's office. Penny Ann was 29 years old and seriously ill. Gibson met with Penny Ann alone, in order to preserve the confidentiality of their communication. In spite of her serious illness, Penny Ann was alert and responsive. She told Gibson she had two wishes. First, she wished her few personal effects to go to her daughter, who was living in Missouri. Second, she wished to be cremated and to have her ashes spread in Long Island Sound. She did not wish her father to intervene with either of these wishes.
Gibson told Penny Ann that she had two options. First, she could execute a will, which would be filed in Probate Court. Second, she could sign a letter expressing her wishes, but would not be legally binding. Penny Ann stated that she would like some time to consider these options.
On April 4, 1994, Florence called Gibson and told him that Penny Ann wished to sign a letter rather than a will. Gibson then prepared a letter that comported with the wishes that Penny Ann had expressed to him. The letter, a copy of which has been submitted to the court, essentially states that it is Penny's wish that her property, consisting of personal effects, go to her daughter and that she be cremated and have her ashes distributed in Long Island Sound.
Florence picked up the letter (in a sealed envelope) on April CT Page 5370-V 5, 1994, and took it to Penny Ann Penny Ann executed the letter on April 7, 1994, and died on April 8, 1994.
Gibson had no contact with either Florence or Penny Ann after April 5, 1994. He did not bill anyone for his services.
The facts relating to Gibson's dealings with Florence and Penny Ann are established by Gibson's affidavit. Although William's own statement describes Penny Ann's previous history in considerable detail, he has no personal knowledge of her actual dealings with Gibson, and Gibson's affidavit is unrefuted.
Neither party has submitted an affidavit describing the aftermath of Penny Ann's death. Williams' complaint alleges that he tried to stop the cremation of her body but could not. He further alleges that the ashes were divided equally between Florence and himself. He caused his half of the ashes to be buried in a cemetery.
Williams, as mentioned, has now sued Gibson claiming negligence, invasion of privacy, and violation of his First Amendment religious rights. He does not complain about the distribution of Penny Ann's modest estate. Indeed, the record does not establish whether Penny Ann actually died testate or intestate or what actually became of her few personal effects. Rather his complaint focuses on the cremation of Penny Ann's remains. He contends that Gibson should have consulted him prior to preparing the letter ultimately executed on April 7, 1994, and that that failure to consult gave rise to the causes of action asserted in the complaint. Given the facts of the case, however, it is clear that none of these causes of action can be sustained.
1. Negligence
It is undisputed that William was never a client of Gibson. "Determining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy. . . . In addressing this issue, courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party." Krawczyk v. Stingle,208 Conn. 234, 245, 543 A.2d 733 (1988). The transaction in; question here was the preparation of a letter authorizing the cremation of Penny Ann's remains. Unlike the preparation of a will, this transaction was not intended to benefit any third party. CT Page 5370-W
Courts have also looked to "the foreseeability of harm, the proximity of the injury to the conduct complained of, the policy of preventing future harm and the burden on the legal profession that would result from the imposition of liability." Krawczyk v.Stingle, supra, 208 Conn. at 245-46. These factors similarly indicate that Gibson owed William no legal duty. The last named factor is of particular importance. The imposition of liability here would result in an enormous, and wholly inappropriate, burden on the legal profession. Penny Ann was an adult. Her lawyer had no duty whatsoever to consult with her parent. On the contrary, he was affirmatively prohibited by Rule 1.6(a) of the Rules, of Professional Conduct from revealing information relating to representation of a client.
One other factor that must be considered is Conn. Gen. Stat. § 45a-318(a) which addresses the custody of remains of deceased persons. Under that statute, the control of Penny Ann's remains belonged to her next of kin, since the record indicates that she had no surviving spouse and had not specifically designated another person as the custodian of her remains. The letter that Penny Ann executed was purely advisory. Florence and William were her next of kin. In the event of a dispute, the statute allows the Probate Court to award custody and control of the remains "to that person who seems to the court most fit to have the same." The ultimate legal responsibility for the custody of Penny Ann's remains thus rested with the Probate Court. The decedent's attorney has no responsibility in this matter. Under these circumstances, Gibson owed no legal duty whatever to William. The negligence count must consequently fail.
2. The remaining claims
William's remaining claims can be dealt with much more summarily. Gibson can hardly be said to have invaded William's privacy. Gibson had nothing to do with William. In fact, the whole point of William's negligence claim is that Gibson failed to contact William in any way. Gibson simply advised a client. He did not invade William's privacy.
As to William's First Amendment claim, putting the considerable substantive problems of the claim to one side, it is sufficient to say that Gibson was not a state actor. William vaguely suggests that Gibson conspired with state actors such as the Probate Court, but William's submissions fail to establish CT Page 5370-X any conspiracy theory. In any event, Gibson, a private person, is the sole defendant.
The motion for summary judgment is granted. Judgment shall enter for the defendant on all three counts.
Jon C. Blue Judge of the Superior Court