[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: REOPEN NONSUIT
The above matter was referred to the undersigned, pursuant to the rules the Early Intervention Program (EIP).
On October 16, 1996, the plaintiff, Ewing Watley, was not present no available by phone but was represented by Attorney CT Page 6947 Jeffrey Macarz. The defendants Ralph Contento and Georgiana Contento, appeared pro se. The plaintiff sued the defendants for injuries from a fall. The defendants introduced a letter from a lawyer, who is not of record. It said that the sum of $1500 would settle the matter. The defendants apparently offered $1000. The pretrial memo filed by the plaintiff showed $1600, as special damages, paid by Industrial Health Care. The sum of $1500 was demanded by Attorney Macarz, but the Contentos were unable to pay more than $1000.
The court ordered that the plaintiff appear and reset the meeting with the parties for October 30, 1996. The JDNO said, "The plaintiff must appear in person." The JDNO also gave the notice, "Failure to appear will result in sanctions."
On October 31, 1996, Attorney Macarz appeared, but without his client. Accordingly, the undersigned ordered an entry of nonsuit, pursuant to P.B. § 357. Attorney Macarz objected to the order but made no attempt to reach the plaintiff by phone.
The plaintiff filed a motion to reopen the nonsuit. A hearing was held on the motion on March 20, 1997. The plaintiff was represented by Attorney Wilf, while the Contentos appeared prose.
Attorney Wilf stated the position of the plaintiff.
 "MR. WILF: Yes, your Honor. There was, as you stated, there was an early intervention hearing and Jeffrey Macarz was present. It was October 16, 1996, and then got rescheduled roughly a couple weeks later to October 30, 1996, where you asked that the plaintiff, himself, Ewing Watley, be present. Apparently, some miscommunication between our office and Watley, and we did instruct him to show up, at that time, given the low value of this case, and the defendant's financial status, and communications that have had with Attorney Small, even though defendants represent they are acting pro se, they have had an attorney acting on their behalf to try to reach some kind of resolution to this matter. But, regardless of that, the main reason why the plaintiff could not make it, personally, is number one, the misunderstanding; number two, he had a work conflict whereby he had to go to work." T. 3/30/97 CT Page 6948
 "A nonsuit, therefore, is a judgment expressed without more, and to be entered when ordered without more. A judgment of nonsuit is in fact rendered when the trial judge orders a nonsuit entered orally in open court, or signifies, out of court, either orally or in a writing filed with the clerk in his official capacity that a nonsuit shall enter."
 Segretario v. Stewart-Warner Corporation, 9 Conn. App. 355, 360.
 "The plaintiff must establish that a good cause of action, the nature of which must be set forth, existed when the judgment of nonsuit was rendered, and that the plaintiff was prevented from prosecuting it because of mistake, accident or other reasonable cause." "In ruling on a motion to open a judgment of nonsuit, the trial court must exercise sound judicial discretion, which will not be disturbed on appeal unless there was an abuse of discretion. In reviewing the trial court's exercise of its discretion, we make every presumption in favor of its action."
 Biro v. Hill, 231 Conn. 462, 467-468.
 "Practice Book § 351 provides that [i]f a party fails to comply with an order of court or a citation to appear or fails without proper excuse to appear for trial, he may be nonsuited or defaulted by the court. Section 351 thus plainly authorizes the trial court to enter a nonsuit for noncompliance with its orders. Further, the trial court has the inherent power to provide for the imposition of reasonable sanctions, to compel the observance of its rules. Gionfrido v. Wharf Realty, Inc., 193 Conn. 28, 33, 474 A.2d 787 (1984); Stanley v. Hartford, 140 Conn. 643, 648, 103 A.2d 147 (1954).
 Jaconski v. AMF, Inc., 208 Conn. 230, 232.
 "The power of a court to set aside a nonsuit judgment is controlled by § 52-212. The statute provides that any judgment rendered upon a nonsuit CT Page 6949 may be set aside upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action in whole or in part existed at the time of the rendition of the judgment and that the plaintiff was prevented by mistake, accident or other reasonable cause from prosecuting the action. It is thus clear that there is a two-pronged test for setting aside a judgment rendered after a nonsuit. There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause. General Statutes § 52-212. Practice Book § 377."
 Jaconski, 237.
 "But the orderly administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute. Such relief ordinarily should not be granted if the failure to appear resulted from the moving party's own negligence."
 Testa v. Carrolls Hamburger Systems, Inc., 154 Conn. 294, 300.
 "Negligence of a party or his counsel is insufficient to reinstate the action."
 Segretario, supra, p. 363.
 "A party to a suit in court must give it the care and attention which a man of ordinary prudence usually bestows upon his important business. If he fails to do so he cannot obtain relief from a judgment resulting from his negligent failure to take the proceedings required for his protection." "The defendant's failure to appear and defend was due to negligence or inattention or both. The mere negligence or inattention of a party is no ground for vacating a judgment against him." CT Page 6950
 Pelletier v. Paradis, 4 Conn. Cir. Ct. 396, 399.
 "Under § 351, . . . an order of the court has already been entered, and whether the order is justified because of a lack of diligence is no longer arguable. An order of the court must be obeyed until it has been modified or successfully challenged. "When an order has been entered, a party is not faced with the uncertainty of forecasting whether his conception of `reasonable diligence' conforms with the trial court's view. A party is presumed to be aware of the rules of practice and thus to know that disobedience of a court order may result in a nonsuit under § 351."
 Jaconski, p. 235.
 "There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense [complainant] because of mistake, accident or other reasonable cause. General Statutes § 52-212; Practice Book § 377."
 Eastern Elevator Co. v. Scalzi, 193 Conn. 128, 136.
 "The motion to open the judgment of nonsuit should have been granted if, but only if, the court, in its sound discretion, found that the defendant had shown `reasonable cause' under § 52-212 of the General Statutes. See also Practice Book § 286. The granting of relief under this statute, when its provisions are properly complied with, lies within the sound discretion of the trial court."
 Jaquith v. Revson, 159 Conn. 427, 431.
 . . . the denial of a motion to set aside a nonsuit should not be held to be an abuse of discretion in any case in which it appears that a plaintiff has not been prevented from prosecuting the claim by mistake, accident or other reasonable cause." CT Page 6951
 Jaconski, 238.
 "The knowledge and admissions of an attorney are imputed to his client.
 Lafayette Bank Trust Co. v. Aetna Casualty Surety Co., 177 Conn. 137, 140.
The order, "The plaintiff must appear, in person," still stands. "An order of the court must be obeyed until it has been modified or successfully challenged." Fox v. First Bank,198 Conn. 34, 40 n. 3.
The appearance of the plaintiff was all that was required of him. Whether the plaintiff or the attorney was derelict in his obligation, the sanction stands.
 "No mitigating factors beyond counsel's control were presented to the court at the hearing on the motion."
 Segretario, p. 363.
 "In order to fulfill our responsibility of dispensing justice we in the judiciary must adopt an effective system of caseflow management. Caseflow management is based upon the premise that it is the responsibility of the court to establish standards for the processing of cases and also, when necessary, to enforce compliance with such standards. Our judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system."
 Jaconski, p. 233.
The Early Intervention Program is a new strategy which is designed to acquaint the plaintiff's attorney with the defendant's attorney. Defendant's scheduling order is entered by the judge who presides at the pretrial. The pretrial may also be used as a settlement conference. The judge keeps a tight rein on the proceedings, as in the caseflow management. The judge must also establish standards and enforce compliance therewith. A copy of the order by the presiding judge is attached, re the power to enter the entry of defaults, nonsuits and dismissals. CT Page 6952
 ". . . an application to open a judgment by default, [nonsuit] unless at least it is based on a pure error of law, is addressed to the sound discretion of the court, and we cannot hold that the trial court in this instance did not exercise a proper discretion in denying the motion."
 Barton v. Barton, 123 Conn. 487. 491.
The plaintiff was not limited by any "mistake, accident or other reasonable cause." (Sec. 52-212, C.G.S.)
The motion to reopen the nonsuit is denied.
Robert P. Burns Judge Trial Referee