[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO REARGUE AND/OR FOR RECONSIDERATION (#110)
I. The subject motion introduces a new element into the case for the court's consideration, namely, the fact that the "answer" in question contained an erroneous docket number at the time it was filed. (CV95-0237783S instead of CV95-0327783S) An erroneous docket number which results in the rejection of a pleading by the Clerk's office is deemed to be a circumstantial defect when the opposing party is not prejudiced. First Federal Savings and LoanAssociation of Rochester v. Pellechia, 31 Conn. App. 280 (1995). Here, for reasons persuasively articulated by the plaintiff at oral argument on the defendant's Motion to Set Aside Default (#107) the plaintiff is seriously prejudiced by the defendant's failure to file its "answer".
Next, the clerk of this judicial district, as was the case inPellechia, supra, has a practice of date stamping every pleading that is filed, whether or not it contains a correct docket number. After being date stamped, if a pleading is thereafter discovered to have an incorrect docket number the pleading is rejected and returned to the sender. In this case, the proffered "answer" reproduced from the defendant's file conspicuously contains no date stamp. So, an incorrect docket number on the "answer" would have generated a stamped copy in the defendant's file which of course would have presented to the court in support of the pending motion. These facts strengthen the inference that for whatever reason as yet unspecified, the "answer" was never filed.
II. The defendant represents in the motion that unless the defendant is permitted to contest liability it "maybe precluded from receiving federal grant funds and equitable sharing of asset forfeitures". The court is not persuaded. It is the view of this court that under the standard of good cause as set forth in P.B. § 17-42 it is not appropriate for the court to consider the consequences which might flow from the default. The court's CT Page 11268 inquiry rather should focus on whether the acts which resulted in the default had their origin in some accident, mistake or other reasonable, excusable event or condition. Jaconski v. AMF, Inc.,208 Conn. 230, 238 (1988), which existed at and prior to the default. It can be presumed that severe economic consequences may ensue from any default which becomes subject to the provisions of P.B. § 17-32 through § 17-41.
III. The defendant disputes the default as a sanction arguing that it is disproportionate to the infraction. Instead of default the defendant suggests that the court award attorneys fees to the plaintiff and permit the plaintiff to file an offer of judgment retroactive to the date the suit was filed. Assuming without deciding that the court possesses such powers under § 17-42, the court does not believe that these sanctions alone or in combination are appropriate to the facts of this case or constitute a just remedy to a plaintiff who has been waiting for a hearing in damages before a jury for more than eighteen months.
The motion to reargue is denied. The motion to reconsider is granted and court's prior ruling is reaffirmed.
THE COURT,
A. WILLIAM, MOTTOLESE, JUDGE