[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO OPEN JUDGMENT
The defendant Greg Renshaw has moved to open a default judgment obtained by the plaintiff Connecticut Light and Power Company. The defendant claims he ought to be allowed to open the judgment because of his mistaken belief that the plaintiff was not proceeding with the action. The plaintiff opposes the Motion on the ground that there was absolutely no way that the defendant could have reached that conclusion, and that the failure of the defendant to protect his interest in this litigation was his own fault.
The defendant was served with an Application for Prejudgment Remedy, an Order to Show Cause, the Complaint, and other papers on November 5, 1998, by a deputy sheriff effecting in-hand service. The defendant did not file an appearance and did not attend the hearing on the prejudgment remedy. The court granted the application, and an Order for Prejudgment Remedy was issued by the court for $7500 on November 30, 1998.
This Order and the signed Complaint and other papers were then delivered to the same deputy sheriff, who, on December 18, 1998, once again effected in-hand service on the defendant. The defendant again failed to respond by filing an appearance.
On May 28, 1999, counsel for plaintiff moved for a default for failure to appear. Plaintiff's counsel had also directed the deputy sheriff who had twice served the defendant with legal process in this action to inquire of the defendant whether he was in the military service. The sheriff spoke with Mr. Renshaw on May 11, 1999, and made that inquiry, and thereafter signed an affidavit that the defendant was not in the military service. The affidavit was filed with the plaintiffs motion for default, and both were mailed to the defendant.
A default judgment was entered by the court on June 2, 1999, for $7432.50. On August 31, 1999, an attorney appeared for the defendant and moved to open this judgment. The plaintiff objected, and counsel for the parties appeared on September 13, a 1999, to argue the motion.
The defendant concedes that he contacted his attorney shortly after having received process for the first time in this case. The attorney, rather than file an appearance or advise the defendant to do so, chose merely to inquire by telephone to the clerk's office as to the status of the case and to do nothing more for many months. The attorney states the he was told during CT Page 12661 that telephone call that the prejudgment remedy had not been acted on.[1] He then advised his client that "no further action was necessary on his part at that time." Affidavit of Howard B. Schiller, Esq. The attorney states that his office made a second telephone inquiry on May 12, 1999 (the day after the deputy sheriff had inquired of Mr. Renshaw for information to support the military affidavit), and was told by the clerk's office that there was no recent activity in the file.
The defendant's attorney stated that he was under the impression that if the original prejudgment remedy had not been acted on it would be necessary for the plaintiff to serve new legal process on the defendant in order to actually commence the lawsuit, and that he relied on information that the application had not been granted. Even if the attorney received erroneous information from the clerk's office and mistakenly assumed that new legal process had to be served on the defendant, the fact is that new legal process was served on the defendant on December 18. In fact, the set of papers served on the defendant in December contained a copy of the Order for Prejudgment Remedy signed by the court (DeMayo, J.), so that it was entirely unreasonable thereafter for the defendant or his counsel to make any alternative or contrary assumptions about the progress of the lawsuit.
The failure of the defendant or his attorney to file an appearance or take any action to protect the defendant's interest was due to their neglect. It was not due to any "mistake" about the pendency of the lawsuit.
This is also true for events occurring after December 18, 1998. The defendant states that on January 13, 1999, he lost personal property in a fire and was too distraught thereafter to attend to his legal affairs. Such inattention to legal matters is not a sufficient reason to open a judgment. Connecticut courts have long held that negligence is no ground for vacating a judgment. See, e.g., Jaconski v. AMF. Inc., 208 Conn. 230, 238,543 A.2d 728 (1988).
When a defendant is served with legal papers, the failure to file an appearance or take other action consistent with the rules of practice will not serve as an excuse to open a judgment when the defendant or his counsel finally decide to pay attention to the proceedings, regardless of the existence of a meritorious defense. The plaintiff in this matter followed the proper procedures in obtaining a judgment against the defendant. The defendant was notified on at least three occasions — two of which involved personal service of legal process — that he was in legal jeopardy of a civil money judgment. He failed to respond. There are no grounds to open this judgment. The defendant's Motion is denied.
Patty Jenkins Pittman Judge of the Superior Court