[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has requested this court to revisit a decision dismissing this action on December 21, 1999 for failure to appear for trial on December 9, 1999.[1] In his motion, the plaintiff argues that "he was under the impression that he trial was off and that this court had not set a new date." Moreover, he attached an affidavit from Patricia L. Emond, legal assistant to his counsel, which stated that she had been advised by this court's clerk that both a trial management conference scheduled for December 3, 1999 and the trial scheduled for December 9, 1999 were continued.
At the hearing on this motion to reargue, this court reviewed with counsel the plaintiff's motion for continuance dated November 12, 1999 in which he requested that this case be continued due to a conflict with another case, Donovan v.Roberts, No. CV-980487354, Judicial District of New Britain. It noted that the motion for continuance was first denied on the CT Page 1896 assumption that the Donovan matter would be moved but then realizing that Donovan was pending in another district, the motion was granted with the case continued until immediately after Donovan. Counsel were responsible for advising the court. On December 21, 1999, when this court learned that Donovan had not gone forward[2] and the plaintiff had not contacted this court, it dismissed the case. The plaintiff's counsel did not dispute that Donovan did not go forward and further acknowledged that he was responsible for not informing the court.
The problem this court has with the plaintiff's motion is that his pleadings as well as his argument never mention that this case was postponed only until plaintiff's counsel could complete the Donovan matter — which, according to plaintiff's motion for continuance, would start jury selection on November 16, 1999 and take three to four weeks. It never started and thus the need for the continuance in this case disappeared. Yet, despite the requirement to do so, the plaintiff never notified this court. It is well settled law in our state that "negligence is no ground for vacating a judgment and that the denial of a motion to open a nonsuit judgment should not be held an abuse of discretion where the failure to prosecute the claim was the result of negligence."Jaconski v. AMF, Inc., 208 Conn. 230, 238, 543 A.2d 728 (1988) citing People's Bank v. Horesco, 205 Conn. 319, 323, 533 A.2d 850
(1987). This court realizes that this case has a long history but it has heard no reason other than that long history to set aside the nonsuit.
The motion to reopen the dismissal is accordingly denied.
Berger, J.