CARMEN SEGRETARIO *v.* STEWART-WARNER
CORPORATION ET AL.
(4514)

BORDEN, DALY and BIELUCH, Js.

Argued October 16—decision released December 23, 1986

*Paul J. Yamin,* for the appellant (intervening plaintiff).

*Richard J. Joseph,* for the appellees (defendants).

BIELUCH, J. The named plaintiff brought this action seeking to recover damages for workers' compensation benefits paid to his employee, Angelo DaSilva, who was permitted to file an intervening complaint against the defendants. On May 1, 1985, the court entered a nonsuit against the intervening plaintiff for his failure to attend a pretrial conference ordered by the court. On June 18, 1985, the intervening plaintiff moved to set aside the nonsuit. Prior to the start of trial on September 10, 1985, the court heard and denied the intervening plaintiff's motion to set aside the disciplinary nonsuit. The intervening plaintiff has appealed from that ruling, claiming as error solely that the court abused its discretion in refusing to set aside the nonsuit. We find no error.

The record before us reveals the following: On May 29, 1979, Angelo DaSilva, while in the employ of the named plaintiff, suffered injuries in an industrial accident entitling him to workers' compensation benefits. The employer thereafter brought this action against the defendants, the manufacturer and seller of

the electric paint pump operated by DaSilva at the time of his injury. DaSilva was allowed to file an intervening complaint against the defendants.

On April 11, 1985, the court notified the parties pursuant to Practice Book § 265[1] that these actions were assigned for pretrial conference on April 18, 1985. The notice contained this warning: "This assignment is on a firm basis and no continuance or postponement will be considered." On April 17, 1985, a second notice issued postponing the pretrial conference to April 25, 1985. Notice of a further postponement to May 1, 1985, was given to counsel by a telephone call from the court clerk's office.

The pretrial conference was held as finally scheduled before the court, *T. Sullivan, J.* Neither the intervening plaintiff nor his counsel was in attendance as previously ordered by written and oral notice from the court. The clerk's notation of this proceeding in the file indicates that counsel for the intervening plaintiff did not appear at the pretrial conference dated May 1, 1985. Judge Sullivan ordered that nonsuit enter against the intervening plaintiff. On the same day, written notice of the court's orders made at the pretrial conference was mailed to all counsel. Relevant here is the following: "1. Nonsuit to enter vs. intervening plaintiff Angelo DaSilva for failure to appear at pretrial." No judgment of nonsuit was entered by the court clerk in compliance with the court's order at that time, nor was a judgment file prepared for the record.

[1] Practice Book § 265, provides, in relevant part: "The chief court administrator or the presiding judge with the consent of the chief court administrator may designate one or more available judges or state referees to hold pretrial sessions. Parties and their attorneys shall attend the call of the pretrial list, at which time continuances, nonsuits or defaults may be entered. Each party claiming damages, or his attorney, shall obtain from the court clerk a pretrial memo form, shall complete the form before the pretrial session and shall, at the commencement of the pretrial session, distribute copies of the completed form to the judge and to each other party."

On June 18, 1985, the intervening plaintiff filed a motion to set aside the Judgment of Nonsuit. This was accompanied by counsel's affidavit stating that "Angelo DaSilva's counsel, although aware of the pretrial conference, did not appear, unintentionally, due to the fact that the matter was not properly diaried in his calendar." For reasons not appearing of record, this motion was not heard until September 10, 1985, at the threshold of the jury trial beginning that day on the employer's complaint.

The defendants opposed the motion at the hearing, claiming prejudice would result from the setting aside of the nonsuit because trial was about to commence and their witnesses were arriving that day from Chicago. In addition, the defendants argued that the four months for opening the judgment of nonsuit had expired and the intervening plaintiff was "negligent in pursuing the nonsuit." Upon completion of arguments, the court ruled that "[t]he motion is denied. There has been plenty of opportunity for you to do what you had to do with reference to having your hearing on the motion within the period of time since Judge Sullivan entered the motion."

A judgment file, dated September 10, 1985, and entitled, "Judgment of Nonsuit," was thereafter prepared by the court clerk. It was endorsed "By the Court (*Morelli, J.*)," and signed by the chief clerk. This judgment file contained the following recital: "The Court having heard the parties finds the issues against the intervening plaintiff and denies the Motion To Set Aside Judgment. It is adjudged that the intervening plaintiff Angelo DaSilva be nonsuited."

The record before us illustrates a common misconception of the nature and effect of an order or entry of nonsuit in a civil action. While nonsuits and defaults are two sides of the same coin, they differ in scope and

legal effect commensurate with the respective objectives of the prosecution of a claim and the defense of one. The plaintiff must first establish liability, and then prove damages, while the defendant may prevail merely by the disallowance of the plaintiff's claim. This difference in scope and legal effect has been succinctly stated as follows: "Nonsuits and defaults are correlative remedies. The nonsuit forecloses the plaintiff from further prosecution of the action while a default forecloses the defendant from further defense. But the two devices have distinctly different consequences.

"A default is an interlocutory ruling that the plaintiff is entitled to a judgment. But the amount of the judgment (in an action for money damages) or its form and content (when other relief is sought) can be determined only after further proceedings. The ultimate judgment will provide affirmative relief to the plaintiff and thus a judgment on default is a judgment on the merits of the controversy. An order of nonsuit, on the contrary, terminates the action when issued. When the court orders a nonsuit, no further proceedings are necessary and judgment of nonsuit is entered by the clerk *pro forma*. The judgment of nonsuit, however, merely terminates the instant action. It is not a judgment on the merits and the plaintiff is free to initiate a new action on the same cause." 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 156 (b), pp. 625–26. "There is a two-fold process for defaults, but the process is one-fold for nonsuits. A nonsuit ends the case unless the plaintiff moves to reopen it." W. Moller & W. Horton, Connecticut Practice (1986 Sup.), Authors' Comments, § 351, p. 118.

"Generally speaking, a nonsuit is the name of a judgment rendered against a party in a legal proceeding upon his inability to maintain his cause in court, or when he is in default in prosecuting his suit or in complying with orders of the court. *Galvin* v. *Birch,* 98 Conn. 228,

232, 118 A. 826 [1922]." *Jaquith* v. *Revson,* 159 Conn. 427, 430, 270 A.2d 559 (1970). When the plaintiff is nonsuited, "[t]he judgment entered [is] one entitled *as of nonsuit . . . ."* (Emphasis added.) *Galvin* v. *Birch,* supra, 230; *Galvin* v. *Birch,* 97 Conn. 399, 400, 116 A. 908 (1922).

A nonsuit, therefore, is a judgment expressed without more, and to be entered when ordered without more. A judgment of nonsuit is in fact rendered when the trial judge orders a nonsuit entered orally in open court, or signifies, out of court, either orally or in a writing filed with the clerk in his official capacity that a nonsuit shall enter. See *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 535, 294 A.2d 573 (1972). The subsequent clerical action in writing out the judgment file, no matter how long it may be postponed, will relate back to the time that the nonsuit was ordered entered. See id., n.2; see also Practice Book § 337; *Bulkeley's Appeal,* 76 Conn. 454, 457–58, 57 A. 112 (1904). Only in cases involving dissolution of marriage, legal separation, annulment or injunctive relief must the judgment file be signed by the judge whose decision it expresses. Practice Book § 338.

In the case before us, the order of the court on May 1, 1985, directing the entry of a nonsuit against the intervening plaintiff was a judgment of the court terminating the action claimed in the amended intervening complaint. A judgment file reflecting that judgment should have been prepared by the court clerk relating back to that date. "An order of nonsuit terminates an action when it is issued and no further proceedings are necessary. Stephenson, Conn. Civ. Proc. (2d Ed.) § 156. The ministerial failure of the clerk to enter judgment into the records does not affect the validity of a judgment of nonsuit. A judgment of nonsuit is a pro forma action of a clerk . . . ." *Osborne* v. *Osborne,* 2 Conn. App. 635, 638, 482 A.2d 77 (1984).

The judgment file, dated September 10, 1985, and reflecting the denial of the motion to set aside the judgment, went beyond the action taken by the court at the hearing in its recital that "[i]t is adjudged that the intervening plaintiff Angelo DaSilva be nonsuited," such a nonsuit having been previously entered on May 1, 1985, and being the subject of the motion heard on September 10, 1985.

The standard for a trial court's determination of a motion to open a judgment of nonsuit is definitively established by statute,[2] rule of court,[3] and judicial precedent. "The motion to open the judgment of nonsuit should have been granted if, but only if, the court, in its sound discretion, found that the [intervening plaintiff] had shown 'reasonable cause' under § 52-212 of the General Statutes. See also Practice Book § 286 [now § 377]. The granting of relief under this statute, when its provisions are properly complied with, lies within the sound discretion of the trial court. But the orderly administration of justice requires that relief be

[2] "[General Statutes] Sec. 52-212. REOPENING JUDGMENT UPON DEFAULT OR NONSUIT. (a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear.

"(c) The court shall order reasonable notice of the pendency of the complaint or written motion to be given to the adverse party, and may enjoin him against enforcing the judgment or decree until the decision upon the complaint or written motion."

[3] Practice Book § 377 tracks the provisions of General Statutes § 52-212.

denied unless the moving party alleges and shows reasonable cause for relief under the statute. . . . Such relief ordinarily should not be granted if the failure to comply with an order of the court resulted from the moving party's own negligence." (Citations and footnote omitted.) *Jaquith* v. *Revson,* supra, 431–32.

The only reason alleged by the intervening plaintiff to support his motion to set aside the nonsuit was that "counsel's secretary failed to record the date on the calendar and unintentionally Angelo DaSilva's counsel did not appear for trial." This was confirmed by counsel's supporting affidavit. The court in its ruling on the motion to set aside the nonsuit did not address or respond to this claim. Instead, in its oral memorandum, it predicated its decision on the intervening plaintiff's failure to have his motion heard earlier, stating that "[t]here has been plenty of opportunity for you to do what you had to do with reference to having your hearing on the motion within the period of time since Judge Sullivan entered the motion." In that regard, the court erred. It should have ruled specifically on the ground alleged in the motion then under consideration. Such error by the trial court, however, was harmless.

In order to constitute reversible error, the ruling must be both erroneous and harmful. The burden of proving harmful error rests on the party asserting it, and the ultimate question is whether the erroneous action would likely affect the result. *Manning* v. *Michael,* 188 Conn. 607, 611, 452 A.2d 1157 (1982). The intervening plaintiff's sole claim to set aside the nonsuit was his counsel's admitted failure to diary properly the pretrial assignment in his calendar. Such a reason does not meet the demands of General Statutes § 52-212 and Practice Book § 377 that the written motion with the supporting affidavit show (1) reasonable cause, *or* (2) that a good cause of action existed *and* that the movant was prevented by mistake, acci-

dent or other reasonable cause from appearing at the pretrial. Negligence of a party or his counsel is insufficient to reinstate the action. *Jaquith* v. *Revson*, supra, 427.

In the circumstances of this case, it is difficult to conclude that the failure of counsel to appear at the pretrial conference after being notified of such assignment was due to anything other than counsel's fault. No mitigating factors beyond counsel's control were presented to the court at the hearing on the motion. The failure of counsel's secretary to diary his appointment is not a valid excuse for the failure of counsel to meet his responsibility to the court to be present at pretrial with his client. In view of the totality of the circumstances, the cause given for setting aside the nonsuit was neither reasonable cause nor adequate for the purpose.

The intervening plaintiff's sole claim of error on appeal does not relate to the reasonableness or sufficiency of the ground specified by him in his motion to set aside the nonsuit. Instead, he maintains that "the trial judge abuse[d] his discretion in denying the Motion To Set Aside Nonsuit, particularly when the pleadings were closed, disclosures ha[d] been complied with, and the parties were prepared to go to trial on the merits."

The state of completion of the pleadings, disclosures and preparation for trial does not impinge upon the discretionary judgment necessary for relief from a nonsuit.[4] The soundness of the court's discretion can be weighed only when the provisions of General Statutes § 52-212 and Practice Book § 377 are complied with. *Jaquith* v. *Revson*, supra, 431–32. Such predicate compliance has been neither alleged nor proven by the intervening plaintiff.

---

[4] In fact, the time when the pleadings and disclosures have been completed, and counsel have prepared for trial, is the most appropriate time for pretrial. It is then that each party knows the merits of his cause.

*Stanley* v. *Hartford,* 140 Conn. 643, 103 A.2d 147 (1954), is a clear and precise precedent. In that case, the plaintiff sought to recover damages for personal injuries. Almost four years after the pleadings were closed, the court made the following order: "Enter nonsuit . . . for not properly being prepared for pretrial." On the same date, a judgment of nonsuit was entered in compliance with the order and a judgment file was prepared by the clerk. No motion to set aside the nonsuit was filed. Instead, the plaintiff appealed from the judgment. In answer to the first assignment of error, the Supreme Court upheld the validity of Practice Book § 144 (now § 265) establishing the compulsory pretrial procedure in civil cases pending on the trial list. In the second assignment of error, the plaintiff claimed the trial court abused its discretion. The Supreme Court held that the merits of this claim could not be determined upon the record before it. The nonsuit ordered by the trial court there was the result of a ruling made by it upon conclusions of fact as to the plaintiff's unpreparedness for pretrial. Since the record on appeal had no finding of the facts surrounding the ruling of nonsuit, the Supreme Court was unable to review this claim of error and to predicate a decision. Consequently, it found no error on appeal. Id., 648–49.

A similar insufficient record is before us now. Since the trial court did not address the merits of the intervening plaintiff's motion for setting aside the nonsuit, there is no finding of facts or other articulation in the record by which we could measure the validity of the court's ruling under the applicable standard for measurement of sound discretion.

There is no error.

In this opinion the other judges concurred.