[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO OPEN JUDGMENT
Defendant Quintino DiBacco moved on August 1, 1991 to open default judgments obtained against him by third party plaintiff Allyn Onisto on January 11, 1991 for $26,525.85 and by plaintiff Stanley Galasyn on April 2, 1991 for $4,372.
After a hearing, the court finds as follows: Plaintiff Galasyn instituted this action to foreclose a mechanic's lien filed against the property of defendant Onisto for excavation work. Onisto impleaded third party defendant DiBacco, the general contractor who constructed Onisto's house. Galasyn then also sued DiBacco for nonpayment of his excavation work done as CT Page 7988 DiBacco's subcontractor.
When DiBacco received the complaint, he turned them over Attorney David Schulman and retained the attorney to defend the actions and to counterclaim against Onisto for unpaid work on Onisto's house and against Galasyn for shoddy excavation work. Attorney Schulman filed an appearance on May 11, 1991 and then did nothing: he failed to file answers to the suits against DiBacco and counterclaims against Onisto and Galasyn. Eventually defaults were granted against DiBacco and after hearings in damages, the above mentioned judgment entered.
At the hearing on this motion to open the judgments, Attorney Schulman testified that during all the time he represented DiBacco he had a mental disorder that blocked him from performing legal work. He told DiBacco he was handling the case when DiBacco pressed him, but in fact, he could not get himself to do anything on the matters. The court believes his testimony and finds that Schulman suffered from a mental or emotional disease that prevented his acting as DiBacco's lawyer.
As to respective merits of the claims of Onisto and Galasyn and of the defense of DiBacco, the court finds Galasyn performed excavation work, DiBacco did faulty work on Onisto's house, Onisto did not pay DiBacco the full contract price and for some extras, and DiBacco suffered damages because of Galasyn's poor workmanship.
Section 52-212(a) of the General Statutes provides that a default judgment can be set aside on a showing that (1) a good defense existed when the judgment was entered and (2) defendant was "prevented by mistake, accident or other reasonable cause from making a defense." Both tests must be met. Costello v. Hartford Institute of Accounting, 193 Conn. 160, 167 (1974), Practice Book 377.
The court finds in this case DiBacco proved both requirements. He established that a good defense existed, at least as to the amounts of judgments entered against him in favor of Onisto and Galasyn. He also established that the inability of his attorney to function was a reasonable cause preventing him from making a defense. His attorney was not just negligent, which in itself does not meet the statutory requirement. Segretario v. Stewart-Warner Corp., 9 Conn. App. 355,362-3 (1975). His attorney was sick and incapable of representing DiBacco. DiBacco thought he had a lawyer, but in fact he did not. Such a situation reasonably excuses him from the consequences of not interposing a defense. CT Page 7989
The more difficult question is whether or not the four month time limitation for bringing this motion, as set forth in52-212(a) and 52-212a, has been met. As to the Galasyn judgment, it was entered on April 2, 1991, and DiBacco filed his motion to open on August 1, 1991, so the motion was timely made. As to the Onisto judgment, it was entered on January 11, 1991, and DiBacco filed his motion on August 1, 1991, so the motion was not timely made.
The four month statutory period is not an absolute bar. Judgments entered without the court having jurisdiction, Bronca v. Bronca, 181 Conn. 463 (1980), and judgments procured by fraud can be reopened at any time. Kenworth v. Kenworth, 180 Conn. 129,131 (1980). As the Supreme Court said in Kenworth, p. 131:
 The power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the granting of judgment, hence judgment obtained by fraud may be attacked at any time.
The issue here is whether or not the inability of Schulman to represent DiBacco evokes the inherent power of the court to open a judgment, despite the four month statutory limitation. The court has found no cases on the point.
The jurisdiction and fraud cases are not good analogies. The judgment of a court lacking jurisdiction must always be set aside. A judgment obtained by fraud is an assault upon the court's integrity. The court has, in effect, been deceived and cannot allow its judgment to stand. Moreover, the fraudulent prevailing party should not be allowed to retain the fruits of his fraud. That is not the situation here.
A judgment obtained as a result of the disability of a party's counsel certainly appeals to the court's conscience and equity. But does it tap an inherent power in the court to do justice in disregard of a statutory provision? This court thinks not. The doctrine of "inherent power" has the capacity for being a loose cannon and causing mischief unless it is used with extraordinary restraint in countervening express statutes. DiBacco may have a remedy against his unfortunate lawyer. He is not entitled to relief from this court by his motion to open being filed more than four months after the entry of the Onesto judgment. The statute must control.
Thus, the court concludes, that the motion to open the judgment as to the Galasyn judgment is granted and as to the Onisto judgment is denied. CT Page 7990
Robert Satter, State Trial Referee