[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff in this case brings suit in connection with an accident the decedent alleged to have occurred on or about November 15, 1990, during which she claimed to have been injured as the result of the negligence of defendant Dattco, Inc., and others.
Defendant Dattco has moved for summary judgment on the first and second counts. Dattco argues that because the court (Langenbach, J.) had entered an order that the plaintiff must comply with an outstanding discovery request or a nonsuit would enter, and a nonsuit did enter by agreement of the parties, plaintiff should not be able to utilize General Statutes52-592, the accidental failure of suit statute. In essence, Dattco argues that entry of the nonsuit was voluntary and that General Statutes 52-592 is thus inapplicable.
General Statutes 52-592 provides that actions which were originally brought within the prescribed time limits and which come within one of the stated exceptions to the statute may be reinitiated within one year after the termination of the original action. This statute was passed to avoid the hardships CT Page 1124 arising from an unbending enforcement of limitation statutes. Ross Reality Corporation v. Surkis, 163 Conn. 388, 392
(1972). As a remedial statute, it is to be liberally interpreted. Id., 393.
Section 592, by its express language, is applicable to "any action . . . [which] has failed one or more times to be tried on its merits because . . . a judgment of nonsuit has been rendered for the reasons enumerated." It is a cardinal rule of statutory construction that, where the language of a statute is clear and unambiguous, the intent of the legislature is to be ascertained from the words used. State v. Pelligrino,194 Conn. 279, 284 (1984).[1]
It is this court's duty to construe the language as used by the legislature. Muha v. United Oil Co., 180 Conn. 720,730 (1980). Defendant argues that the statute does not apply, characterizing the nonsuit entered in this case as a "disciplinary nonsuit" in contradiction to an "evidentiary nonsuit". But the statute itself makes no such distinction, applying to nonsuits generally. See Lacasse v. Burns, 214 Conn. 464,472-3 (1990); Pavlinko v. Yale-New Haven Hospital,192 Conn. 138 (1984).[2] This court agrees with the analysis and logic expressed by Judge Noren in Lynch v. Warner Co.,2 CSCR 386 (March 5, 1987). This court declines Dattco's invitation to read into this remedial statute words the legislature has not chosen to insert, despite the opportunity to do so. Moreover, on this motion for summary judgment, a genuine issue of material fact exists as to whether the judgment of nonsuit was entered voluntarily, in light of the February 9, 1994 affidavit of Thomas P. Tabellione. See Lacasse v. Burns, supra, 464. The cases cited by defendant, e.g., Walworth v. Hartford Hospital,23 Conn. App. 404 (1990) and Parrott v. Meacham, 161 Conn. 573
(1971), are distinguishable and involve more egregious instances of noncompliance than the single, discovery-related instance found in this case.
Defendant's motion is denied.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT