[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The intervening plaintiff, Armac Electric, has moved for reconsideration of this court's denial of its motion to open a judgment of nonsuit that was entered on June 2, 1994, as a result of this party's failure to attend a pretrial settlement conference conducted in the chambers of courtroom 4B on that date.
Very surprisingly, the text of the memorandum in support of the motion for reconsideration indicates that the movant sought to have another judge reconsider the order of this court denying the motion to open the nonsuit, and the movant's counsel came to the courthouse on the Friday before the short calendar on which the motion to reconsider appeared seeking unsuccessfully to have that motion assigned to a judge other than the judge whose ruling it sought to have reconsidered.
The standard that applies to a motion to open a judgment of nonsuit is definitively established by General Statutes § 52-212, by Practice Book § 377 and by judicial precedent. Segretario v.Stewart-Warner Corporation, 9 Conn. App. 355, 361 (1986). The statute provides that such a motion may be granted only if the court finds that the movant has shown "reasonable cause, or that a good cause of action . . . existed at the time of the rendition of the judgment . . . and that the plaintiff was prevented by mistake, accident or other reasonable cause from prosecuting the action. . . ." Practice Book § 377 tracks the provisions of General Statutes § 52-212:
 Any judgment rendered . . . upon . . . a nonsuit may be set aside . . . on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause or that a good cause of action . . . existed at the time of the rendition of such judgment . . . and that the plaintiff . . . was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make same."
The motion to set aside the nonsuit for failure to attend a scheduled pretrial settlement conference did not set forth "reasonable cause" within the meaning of either General Statutes § 52-212 or Practice Book § 377. The reason given for the failure of the movant to be present through counsel at the pretrial conference was that the eleven-member law firm[1] that represents the movant CT Page 9232 chose to send one lawyer to the New Haven judicial district courthouse on June 2, 1994 when it was required by the presiding judge, Judge Licari, to provide representation at two pretrial settlement conferences, both commencing at 9:20 a.m. and both assigned to judges who were scheduled for other duties at 10:00 a.m.
That decision was either a deliberate violation of Judge Licari's order to attend the pretrial in this case or a negligent failure to obey it.
In its original motion to open the nonsuit, the movant failed to explain why only one attorney was assigned to be present at two simultaneous proceedings. The motion to reconsider asserts that the attorney who was originally scheduled to attend the pretrial in this case was incapacitated;[2] however no explanation is offered as to why the proceeding was not assigned to a lawyer who was able to attend it, rather than to one who was scheduled for another proceeding at precisely the same time.
The movant did not seek a postponement of the pretrial conference scheduled as to this case and did not appear in the chambers where the pretrial was being conducted at any time while it was being conducted.
It is the court's recollection that the absence of the movant's counsel prevented the court from making any meaningful progress at the conference because it was impossible to discuss the issue of compromise of the movant's worker's compensation lien.
The movant appears to believe that it was the obligation of the court to excuse its absence or to delay the pretrial until the movant's counsel had completed the pretrial which counsel chose to attend. Since it had not filed a motion to postpone the conference nor received a favorable ruling on any such motion, the movant was hardly entitled to have all counsel who had obeyed the order to attend a pretrial wait until the other pretrial was completed, nor was the movant entitled to have the court delay the proceedings or trials scheduled to follow this pretrial. Jaconski v. AMF, Inc.208 Conn. 230, 235 (1988).
The movant's references to a courtroom locked before the scheduled time of the pretrial and to finding that the other counsel had left by the time the movant's counsel left the other pretrial do not establish reasonable cause. The court attempted to CT Page 9233 conduct the scheduled pretrial conference and other counsel were in chambers at or soon after 9:20 a.m. for that conference. It is well known by the bar that pretrial conferences are conducted in chambers, not in the courtroom.
The court does not find any significance in the reported acquiescence by other counsel to the announced intention of movant's counsel to be elsewhere. The notice to attend the pretrial was issued by the presiding judge, Judge Licari, and other counsel were without authority to excuse movant's counsel from the obligation to comply with that order.
In Segretario v. Stewart-Warner Corporation, 9 Conn. App. 355,362-3, an intervening plaintiff similarly failed to appear by counsel at a pretrial conference. The asserted failure of a secretary to add the proceeding to the lawyer's calendar was found not to constitute reasonable cause not to attend and the ruling denying a motion to open the nonsuit was upheld.
The Supreme Court has ruled that negligence of a party or counsel is insufficient to reinstate the action. Pantlin Chananie Development Corp. v. Hartford Cement Building SupplyCo., 196 Conn. 233, 241 (1985); Jaquith v. Revson, 159 Conn. 427
(1970); See, in accord, Segretario v. Stewart-Warner,9 Conn. App. 363; Perry Printing Corp. v. Associated Publication Corp.,9 Conn. App. 646, 647 (1987). The absence from the pretrial at issue was not accidental nor the product of mistake, and was not a reasonable response to a court order to attend.
As the Appellate Court observed in Osborne v. Osborne, 2 Conn. App. 635,639 (1984), "[e]ither we adhere to the rules or we do not adhere to them." The civil jury docket in the New Haven judicial district includes at least three thousand cases. Four civil jury judges conduct pretrials four mornings a week, such that a minuscule portion of this docket can be reached in the morning pretrial program annually. A forty-minute discussion of a case and judicial aid in resolving it therefore constitute an allocation of a scarce resource. In such a context, it does not appear warranted for this court to excuse conduct that is patently unreasonable and wasteful of public resources in the face of Supreme Court rulings holding that the trial court is without authority to open a judgment of nonsuit where the requirements of § 52-212 are not met.Jaconski v. AMF, Inc., 208 Conn. 230, 239 (1988); Jaquith v.Revson, 159 Conn. 427, 432. CT Page 9234
This court finds that it correctly determined that the movant had failed to establish reasonable cause for failing to comply with Judge Licari's order to attend a pretrial settlement conference and that the motion to open the judgment of nonsuit was properly denied pursuant to the standards set forth by the applicable statute, rule of practice and case law.
The movant has filed a motion for articulation of the ruling denying the motion to open the judgment. This ruling supplements and further articulates that ruling, which was as follows:
 Denied. On the day of the pretrial, this party neither appeared or had any contact with the presiding judge but merely assumed that the judge and all other counsel would wait until another pretrial was completed elsewhere. No meaningful pretrial could occur because of this absence and because the judge was scheduled for other proceedings immediately after the time set aside for this pretrial. The substance of the motion exhibits a misapprehension that counsel may, unilaterally or in concert, agree to cancel or postpone a court-ordered pretrial. This is not the case. See § 351 Practice Book.
The motion for reconsideration is denied.
Beverly J. Hodgson Judge of the Superior Court