[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a complaint dated June 29, 1993, plaintiffs Stanley and Mary Drega ("Drega") filed suit against the defendants, Dr. Naomi Nomizu and Pendelton Nursing and Rehabilitation Center, Inc. ("Pendelton") in counts sounding in medical malpractice and negligence.
A review of the file shows the long procedural history of this case. Dr. Nomizu filed a request to revise Drega's complaint on September 13, 1994. When Drega failed to respond to the request to revise, Dr. Nomizu filed a motion for nonsuit dated October 26, 1993, and filed with the court the next day. The court's file shows no action taken on this first motion for nonsuit. Thereafter Drega filed an amended complaint on November 22, 1993 which, according to Dr. Nomizu, did not conform to the previously filed requested revisions.
By a motion dated September 23, 1993, Dr. Nomizu also moved that a nonsuit enter against Drega for her failure to respond to defendant's request for answers to interrogatories and production of documents dated July 23, 1993. By order of the court dated November 8, 1993, Drega was required to answer the interrogatories and produce the requested documents within two weeks of the court order or a nonsuit would automatically enter. When no response was received by Dr. Nomizu within the specified period, a motion to enter judgment on the nonsuit was filed on December 1, 1993. On December 20, the court, Judge Hurley presiding, ordered that the judgment for nonsuit enter if the plaintiff failed to comply with the original discovery requests of Dr. Nomizu within two weeks.
Dr. Nomizu then filed another motion for nonsuit on December 1, 1994 because Drega failed to revise her initial complaint or the amended complaint in accordance with Dr. Nomizu's September 10, request to revise. In this motion, Dr. Nomizu's noted that Drega failed to object to any of the requested revisions and thus Drega was obligated to comply CT Page 2731 with Dr. Nomizu's request under Practice Book § 149.
By order of the court, Judge Hurley presiding, Dr. Nomizu's motion was conditionally granted on December 12, 1993. If Drega failed to comply with the request to revise within two weeks, the motion for nonsuit would enter. On January 25, 1994, Dr. Nomizu filed a motion for judgment of nonsuit because of Drega's failure to file a revised complaint.
By a motion dated December 3, 1993, but filed with the court on March 14, 1994, Drega sought to reopen the nonsuits that had been entered against her. According to the motion, Drega's attorney was confused about the basis of the court's decree of nonsuit entered by the court. Drega thought it had entered for her failure to revise the complaint, and not because of the failure to answer interrogatories and produce documents. In any event, both nonsuits were vacated on April 11, 1994 due to the filing of an amended complaint by Drega on that same date.
After reviewing the April 11, 1994 amended complaint, Dr. Nomizu filed another request to revise on May 24, 1994. Drega never objected to the revision requests. Once again, however, she failed to file a revised pleading. Thus, Dr. Nomizu's again filed a motion for nonsuit dated July 11, 1994, and filed with the court on July 12, 1994. On September 12, 1994, the court granted Nomizu's request for nonsuit for Drega's failure to revise. Drega's current attempt to open this nonsuit is now before the court by a motion filed on December 16, 1994.
Co-defendant Pendelton's case follows a similar tortured procedural process as outlined above. The bare facts are these. On October 13, 1993, Pendelton filed interrogatories and requests for production upon Drega. When Drega failed to respond, Pendelton filed a motion for nonsuit on December 17, 1993. On May 9, 1994, the court, Judge Hurley presiding, entered an order giving Drega two weeks to comply with the discovery request. When Drega failed to comply with the discovery request, Pendelton filed a motion for judgment of nonsuit on May 31, 1994. Said motion was granted by the court on July 5, 1994.
Pendelton now claims that more than four months have CT Page 2732 passed since the entering of the nonsuit, and asserts that Drega's motion to open should be denied because it is time barred.
While Drega's motion to open the nonsuit entered against Dr. Nomizu is within the four month period, Dr. Nomizu claims that it is procedurally defective and should be denied.
In response, Drega claims that she has not been given an opportunity to present her case, and that denial of the motion to open would prevent the claims in the complaint from going forward as to any defendant because of the applicable statute of limitations.
Defendant Dr. Nomizu and Pendelton have filed memoranda in support of their opposition to open the nonsuits.
DISCUSSION
 The standard for a trial court's determination of a motion to open a judgment of nonsuit is definitively established by statute, rule of court, and judicial precedent. The motion to open the judgment of non-suit should have been granted if, but only if, the court, in its sound discretion, found that the [plaintiff] had shown `reasonable cause' under 52-212 of the General Statutes. See also Practice Book 286 [now 377]. The granting of relief under this statute, when its provisions are properly complied with, lies within the sound discretion of the trial court. But the orderly administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute . . . Such relief ordinarily should not be granted if the failure to comply with an order of the court resulted from the moving party's own negligence.
(Citation omitted; internal quotation marks omitted.)
Segretario v. Stewart-Warner Corporation, 9 Conn. App. 355,361-62, 519 A.2d 76 (1986).
MOTION TO OPEN AS TO PENDELTON
CT Page 2733
Judgment in favor of Pendelton was entered against Drega on July 5, 1994 for Drega's failure to comply with the discovery requests of the defendant. Drega's motion to open the judgment was filed with the court on December 16, 1994. Thus, on its face, Drega's motion is untimely because it was filed more than four months after judgment of nonsuit was entered against her. Practice Book § 377 clearly states, "[a]ny judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed. . . ." Because of the expiration of the four month period, this court lacks jurisdiction to even consider the motion to open. See VanMecklenburg v. Pan American World Airways, Inc. 196 Conn. 517,494 A.2d 549 (1985).
Therefore, Drega's motion to open is denied.
MOTION TO OPEN AS TO DR. NOMIZU
Drega's motion to open as to defendant Nomizu is timely, but the defendant correctly points out that the motion is procedurally defective. Practice Book § 377 and General Statutes § 52-212 specifically state that the motion to reopen must be accompanied by an oath by the complainant or his attorney and that the motion should show a "[r]easonable cause or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgement or the passage of such decree, and that the plaintiff . . . was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same." Practice Book § 377.
Drega's motion is insufficient as a matter of law because it nowhere states why the plaintiff failed to prosecute this action. Drega claims that this suit should be allowed to be reopened under General Statutes § 52-592. "[This statute] provides that actions which were originally brought within the prescribed time limits and which come within one of the stated exceptions to the statute may be reinitiated within one year after the termination of the original action. This statute was passed to avoid the hardships arising from an unbending enforcement of limitation statutes." Rosenblum v. Dattco,Inc., 9 CSCR 307 (February 24, 1994, Lavine, J.). General Statutes § 52-592 has nothing to do with limiting the courts discretion to grant or deny a motion to open, and cannot serve CT Page 2734 as an explanation of why the plaintiff failed to prosecute this action.
Furthermore, Drega claims that the motion should be granted because Drega has a valid claim for malpractice and has not been given an opportunity to present his case. A review of the procedural history above, however, shows that Drega was given numerous opportunities to move forward with the pleadings and discovery, but failed to do so in a timely fashion. Furthermore, Drega's motion is not verified by oath. Therefore, the court finds that Drega's motion is facially defective. The procedural history of the case shows that Drega failed time and time again to prosecute this action with due diligence.
Thus, the motion to open the judgment of nonsuit against Dr. Nomizu is also denied.
CONCLUSION
For the above stated reasons, Drega's motion to open the non suit as against both defendants is hereby denied.
Hurley, J.