[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT 107
By writ, summons and complaint dated February 20, 1992, the plaintiff commenced an action against Frank Mercede Sons, Inc., Ginter Associates, Inc. and the Chocolate Factory Association; File #CV92 029 27 67 in the Judicial District at Fairfield.
On October 5, 1992, Spear, J. granted the defendant Mercede's motion for non-suit and/or other relief (#106) unless compliance was made by the plaintiff within two weeks. Judge Spear's decision on the defendant Mercede's motion for non-suit and/or other relief is found after the four requested orders, one of which is "that a non-suit enter against the plaintiff." Judge Spear's decision reads, "gr; order compliance within two weeks or non-suit enters." It is undisputed that no compliance was made within two weeks of October 5, 1992.
An order of non-suit . . . terminates [an] action when issued. Carmen Segretario v. Stuart Warner Corporation Et al,9 Conn. App. 355, 359 (1986). When the court enters a non-suit, no further proceedings are necessary and a Judgment of Non-suit is entered by the clerk pro forma. . . . a non-suit ends the case CT Page 7715 unless the plaintiff moves to open it. Id. The case of Osborne v.Osborne, 2 Conn. App. 635 (1984), is consistent with the above and very similar to the facts of this case.
The court concludes that a judgment of non-suit was entered by Judge Spear in response to defendant Mercede's motion #106. No further action needed to be taken by the defendant, Mercede, to effectuate the order. It is uncontroverted that the plaintiff failed to set aside the, judgment of nonsuit within the four month period set forth in Practice Book § 377.
By writ, summons and complaint dated May 6, 1994, the plaintiff commenced the instant action against the same defendants for the same injuries sustained on August 11, 1986. CV94 031 49 88, Judicial District at Fairfield. Suit was instituted on the basis of Connecticut General Statutes § 52-593. The defendant, Mercede, filed a special defense of Statute of Limitations and has moved for Summary Judgment based on its contention that the plaintiff's claim is barred by Connecticut General Statutes § 52-584 which provides for a two year Statute of Limitations. The court finds the claimed injury to have occurred on August 11, 1986 and this action was commenced by Writ, Summons and Complaint May 6, 1994 — considerably not within the two year Statute of Limitations. In addition the action is not saved by § 52-593 because it was not commenced within one year after the termination of the prior action by Judge Spear.
Even if this court is found to be in error regarding the issue whether the defendant Mercede had to take further action before a nonsuit was entered on Judge Spear's order, the court still finds that summary judgment should still enter in favor of Frank Mercede because the savings clause of § 52-593 says that the new action commenced under that section must be brought "within one year after the termination of the original action" (Emphasis added). In truth, the present action is the third brought on behalf of this plaintiff. The original action was brought against another defendant Ultramar Petroleum, Inc., Judicial District at Fairfield bearing docket CV88 025 18 87. On February 25, 1991 that action was terminated by the granting of defendants motion for summary judgment. Thereafter, the aforementioned second action i.e. CV92 029 27 67 was brought under § 52-593.
This court holds that the 1988 litigation was the "original action" that could be saved under § 52-593. The instant law CT Page 7716 suit was not commenced within one year of the termination of the "original action" and therefore the motion for summary judgment should be entered on that ground also.
Motion for Summary Judgement in favor of the defendant, Frank Mercede and Sons, Inc., is granted.
LAWRENCE L. HAUSER, JUDGE