[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE DISMISSAL (#126)
This is a fire loss claim arising from the destruction of a commercial warehouse. The plaintiff tenants seek recovery against the owners of the warehouse and a fellow tenant for damages allegedly sustained as a result of the fire. Before this court is a motion to set aside a Practice Book § 251 dismissal, which was entered against the plaintiffs on June 16, 1995.
A review of the file reveals the following factual and procedural history. On February 14, 1995, the court, Sullivan, J., entered an order which provided that a nonsuit would enter against the plaintiffs unless they complied with certain discovery requests on or before March 14, 1995. On March 23, 1995, the defendants filed a motion seeking a determination that a nonsuit had, in fact, entered against the plaintiffs pursuant to this order. Thereafter, on May 8, 1995, Judge Sullivan determined that a nonsuit had entered against the plaintiffs. Notice of this decision was mailed to all counsel of record on May 17, 1995. There is no indication in the file that the plaintiffs have ever moved to reopen the nonsuit.
On June 16, 1995, this case was dismissed pursuant to Practice Book § 251 as part of the Superior Court's semiannual dormancy program. On October 6, 1995, the plaintiffs filed the operative motion to set aside in an attempt to reopen the dormancy dismissal. Each defendant has filed a timely objection.
"A nonsuit ends the case unless the plaintiff moves to reopen it." Segretario v. Stewart-Warner Corporation,9 Conn. App. 355, 359, 519 A.2d 76 (1986). A motion to reopen a CT Page 635 judgment of nonsuit must be filed within four months of the date of its entry in order for the court to have jurisdiction over the plaintiffs' complaint. General Statutes § 52-212; Practice Book § 377.
The present motion seeks to reopen the dormancy dismissal and was filed within four months of its entry on June 16, 1995. The fact remains, however, that a judgment of nonsuit entered against the plaintiffs on May 8, 1995, and no motion to reopen or vacate that judgment was filed within four months of that date. Thus, this court lacks jurisdiction over the plaintiffs' complaint and the present motion. The motion to reopen and set aside the dismissal is denied.
/s/ Pellegrino, J. PELLEGRINO