[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 21, 1997
On September twenty-third, 1996, the defendants filed a motion to open a judgment that was entered against them onSeptember eleventh, 1996, for their failure to appear for a jury trial that was scheduled for September tenth, 1996, (Emphasis supplied.) Testimony before this court on November twenty-fifth, 1996, and statements from the defendants' motion and attached affidavits reveal the following facts. On December fifteenth1995, the clerk's office of the Danbury Superior Court mailed a notice to counsel for the parties informing him that jury selection would commence on September tenth, 1996, at 10 a.m. (Emphasis supplied.) Attorney Paul J. Yamin, counsel for the defendants, received this notice on or about the fifteenth of December. Attorney Yamin read the notice and placed it in his case file, but failed to notice the trial date and, therefore, CT Page 2607 failed to record that date in his calendar.
At approximately 4 p. m. on September tenth, 1996, after Attorney Yamin and his clients had not appeared for jury selection, Mark Shea, assistant clerk of the court, telephoned Attorney Yamin's office. Mr. Shea left a message with Attorney Yamin's secretary indicating that his clients had been defaulted for failing to appear for trial that day and that a hearing in damages was scheduled for the following day, September eleventh, 1996. On the morning of September eleventh, 1996, Attorney Yamin called the clerk's office and stated that he would not be present in court that day for the hearing in damages as he had another matter pending in another courthouse. When the defendants and their counsel did not appear at the time scheduled, this court entered an order finding for the plaintiff and granting them appropriate relief.
In support of their motion to open the judgment. the defendants argue that their attorney's failure to properly diary the trial date constitutes reasonable cause to open the judgment. They argue further that they have a good defense to the plaintiffs' claim to a prescriptive easement over the defendants' property. Attorney Yamin attests that the plaintiff's do not have a right-of-way by prescription for the following reasons: (1) use of the right-of-way did not commence until 1983, when the road was modified; and (2) the defendants have continually objected to the use of the right-of-way where it exceeded its original boundary lines and encroached on their property. In opposition to the motion, the plaintiff's argue that the defendants have not demonstrated a good and sufficient reason to open the default and ensuing judgment thereon.
The standard for a trial court's determination of a motion to open a judgment rendered upon default is clearly established by statute, rule of court and judicial precedent. See Sec. 52-212 of the General Statutes; Practice Book § 377; Pantlin ChananieDev. Corp. v. Hartford Cement Bldg. Supply Co., 196 Conn. 233,234-35 (1985); Segretario v. Stewart-Warner Corporation,9 Conn. App. 355, 361 (1986). Section 52-212 (a) provides inter alia that: "[a]ny judgment rendered . . . upon a default or nonsuit . . . may be set aside, within four months following the date on which it was rendered . . . upon . . . written motion of any party . . . prejudiced thereby, showing reasonable cause, or that a good . . . defense . . . existed at the time of the rendition of the judgment . . . and that the. . . defendant was CT Page 2608 prevented by mistake, accident or other reasonable cause from . . . making the defense." Sec. 377 of the Practice Book contains similar language. In response to the statutory provision and Practice Book rule, the Supreme Court has stated that: "It is thus clear that to obtain relief from a judgment rendered after a default, two things must concur. There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause." (Citations omitted; internal quotation marks omitted.) Pantlin ChananieDev. Corp. v. Hartford Cement Bldg. Supply Co., supra.
"A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Citations omitted; internal quotation marks omitted.) Red Rooster Construction Co. v. RiverAssociates, Inc., 224 Conn. 563, 575 (1993). "The burden of demonstrating reasonable cause for the nonappearance is on the defaulted party, and [t]he judgment should not ordinarily be opened if his failure to appear or procure a continuance resulted from his own negligence." (Citations omitted; internal quotation marks omitted.) People's Bank v. Horesco, 205 Conn. 319, 323
(1987); see also Pantlin Chananie Dev. Corp. v. Hartford Cement Bldg. Supply Co., supra, (stating that the Supreme Court has "held consistently that the denial of a motion to open default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence").
Counsel's failure to record the jury selection date in his calendar does not amount to reasonable cause sufficient to open a judgment under § 52-212 (a). Indeed it amounts to an act of negligence and, under the appellate authority cited above, cannot be held to constitute grounds for opening the judgment. In a strikingly similar case, the Appellate Court concluded that: "[t]he . . . plaintiff's sole claim to set aside the nonsuit was his counsel's admitted failure to diary properly the pretrial assignment in his calendar. Such a reason does not meet the demands of General Statutes § 52-212 and Practice Book § 377 that the . . . supporting affidavit show . . . reasonable cause . . . Negligence of a party or his counsel is insufficient to reinstate the action." Segretario v. Stewart-WarnerCorporation, supra, 362-63. CT Page 2609
Several other Connecticut courts have concluded that similar errors by counsel constitute negligence and that such negligence is not sufficient cause to open a judgment. For example, inFinelli v. Paluzzi 31 Conn. Sup. 549, 551 (1973), the defendants and their attorney failed to appear for a court-ordered trial date because they relied on assurances of an assistant clerk of the court advising counsel that the matter was reassigned for a hearing on a future date. The court concluded that the party's misplaced reliance on the assistant clerk's statement was insufficient cause to disobey a court order, constituted negligence and was, therefore, not a reasonable cause to open the judgment. Similarly, in Gionfrido v. Wharf Realty, Inc.,193 Conn. 28 (1984), the plaintiff and his attorney returned twenty-six minutes late from a one-hour court recess during jury selection. The trial court dismissed the case after the first twenty minutes of the delay for the plaintiff's failure to appear to prosecute his cause. The Supreme Court upheld the trial court's decision, noting that the trial court had been confronted by a history of delay in that case. Appropriately to the present action, the Court stated: "[w]e are not insensitive to the apparent harshness of any decision by a court that may be perceived as punishing the client for the transgressions of his or her attorney . . . [However,] our adversarial system requires that the client be responsible for the acts of the attorney-agent whom the client has freely chosen; Link v. Wabash R. Co.370 U.S. 626, 633-34, 634 n. 10, 82 S.Ct. 1386, 8 L.Ed.2d 734, reh. denied, 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962) . . ."Gionfrido v. Wharf Realty, Inc., supra, 33.
Guided by the foregoing precedent, it is clear that the court has no recourse but to deny the defendants' motion to open judgment in the present case. Defense counsel's negligence in failing to properly diary the trial date as noticed by the court fails to satisfy the second prong of the Pantlin test that "the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause." Pantlin Chananie Dev. Corp. v. Hartford Cement Bldg.Supply Co., supra, 235. His failure to appear the day after the default for the hearing in damages compounds the error. The motion to open the judgment is, accordingly, denied.
MORAGHAN, J. CT Page 2610