[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 I.
The plaintiff, David Draghi, brought the instant case on August 19, 1996, seeking a prejudgment remedy against the defendant, Susan Volz, for her alleged failure to repay a $10,000 loan due on or after December 31, 1994. A hearing was scheduled for September 16, 1996 and the court, O'Neill, J., entered a prejudgment remedy for $10,000 on October 1, 1996.
Attorney Gabriel Serrano filed his appearance for Ms. Volz on November 1, 1996 and the matter was returned to court on November 12, 1996. On December 31, 1996, the plaintiff filed his motion for default for failure to plead and, as no response was filed by the defendant, the motion was granted on January 8, 1997. On February 9, 1997, the plaintiff mailed his motion for judgment. It was not until February 26, 1997, that the defendant filed her motion to set aside the default and her answer. On March 6, 1997, this court denied the motion to set aside the default and on March 7, 1997, this court granted the motion for judgment.
 II.
Practice Book § 114 requires, inter alia, pleadings to advance within 30 days of the return day and subsequent pleadings within fifteen days from the preceding pleadings. It is clear CT Page 9359 that even though the defendant had an attorney of record at the start of this case, the answer was not filed until some 2 1/2 months after the return date. Indeed, it was not until after both a motion for default for failure to plead and a motion for judgment were filed. In her request to set aside the default, the defendant maintains that she was prevented from responding because she "relocated out of state without notifying counsel." Both General Statutes § 52-212 and Practice Book § 377 require the moving party seeking to set aside a nonsuit or default to show reasonable cause and that "the plaintiff or defendant was prevented by accident or other reasonable cause." The negligence of a party has been held to not constitute sufficient reason to justify favorable action on the motion.Jaconski v. AMF, Inc., 208 Conn. 230, 237-238 (1988); Segretariov. Stewart-Warner Corporation, 9 Conn. App. 355, 363 (1986). The affidavit in this case merely states that the defendant relocated out of state without notifying counsel. It does not say when or where she relocated. Moreover, it does not say why she did not contact her attorney. General Statutes § 52-212 (b) requires that the complainant "shall particularly set forth the reason why the . . . defendant failed to appear." (Emphasis supplied.) The defendant's reason is quite vague and her actions constitute negligence.
This court notes also that unlike most cases in which an attorney may not be contacted until after the return date or after the time to plead, the defendant's attorney herein filed his appearance seven days before the complaint was even returned to court. Surely he was in a position to respond to the complaint but, if not, he could easily have sought an extension of time. Yet, this was not done despite the motion for default for failure to plead and the motion for judgment. In Gionfrido v. WharfRealty. Inc., 193 Conn. 28, 32-33 (1984) our Supreme Court stated:
 We have noted the responsibility of the trial court to process cases in a timely and efficient manner: overcrowded dockets have become a major problem challenging the ability of the courts of this state and elsewhere to dispense justice. It is well known that justice delayed is justice denied. In order to fulfill our responsibility of dispensing justice we in the judiciary must adopt an effective system of caseflow management. Caseflow management is based upon the premise that CT Page 9360 it is the responsibility of the court to establish standards for the processing of cases and also, when necessary, to enforce compliance with such standards. Our judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system. To reduce delay while still maintaining high quality justice, it is essential that we have judicial involvement in managing cases.
 Caseflow management places new demands on our already overworked judges because the judge must actively establish and enforce the pace of litigation coming before the court, rather than allowing the parties to do so. Id., citing In re Mongillo, 190 Conn. 686, 690-91, 461 A.2d 1387
(1983).
The plaintiff has a right to proceed in a timely manner, notwithstanding the defendant's desire to proceed on a different schedule. The motion to set aside the default judgment is denied.
Marshall K. Berger, J.