[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this medical malpractice case tried to a jury, a verdict was rendered in favor of the defendants on October 12, 1999. The issue for determination is whether the court has the power or authority, based upon the fact pattern presented, to grant the motion to set aside the verdict filed by the plaintiffs on January 12, 2000, more than three weeks beyond the date to which the last extension to file a motion to set aside the verdict had been granted, and after the appeal period has expired. On October 14, 1999, two days after the verdict, the plaintiffs filed a motion for extension of time to file post verdict motions pursuant to Practice Book § 16-35, asking for an additional fourteen days to November 5, 1999. Without objection, the motion was granted as were three subsequent motions to extend time filed pursuant to said section 16-35. All four of these motions were not objected to by the defendants, and the last of said motions requested an extension to December 17, 1999.[1]
The plaintiffs filed no further motions on or before December 17, 1999, nor until January 12, 2000 when they filed a fifth motion to extend the time for filing, and a motion to set aside the verdict. The defendants objected to both of these motions. In addition to the motions, an affidavit was filed by counsel for the plaintiffs in which he avers that the motion to set aside the verdict was completed and ready to be filed on December 17, 1999[2], and that he arranged to have clerical employees of his firm deliver the motion to court and to defense counsel in a timely fashion. He further states that his employees mistakenly believed that counsel himself would deliver the motion to court and mail it to defense counsel; the completed motions were put on a table where they were obscured from view by boxes, and remained undetected until January 12, 2000.
Practice Book § 16-35 provides that a motion to set aside a verdict must be filed with the clerk within ten days after the date the verdict is accepted, "provided that for good cause the. judicial authority may extend this time." Practice Book §16-35. Within the first ten days after the verdict in this case, CT Page 3076 the plaintiffs filed a motion to extend the time for filing a motion to set aside the verdict, giving as a reason that the transcripts and the evidence needed to be reviewed in order to present to the court "a meaningful and substantive motion". The subsequent motions to extend time to file were all based upon a delay in receiving the transcripts.
The Plaintiffs' claim is that Practice Book § 16-35 does not require that a motion for extension of time be filed within the ten day period for filing the motion to set aside the verdict.
Indeed, the plaintiffs claim that the section does not require a written motion nor, for that matter, any motion at all. The judge need only find good cause for extending the time.[3]
The plaintiffs reason that even though the latest extended filing date of December 17, 1999 has come and gone, the court still has the discretion to grant a request for further extension to file a motion to set aside the verdict, and to entertain the motion itself.
The court holds that a motion to extend the time for filing a motion to set aside the verdict, which may be granted for good cause, must be filed within the time period provided for filing of the motion to set aside the verdict. See Kelly v. O'Connell, Superior Court, J.D. of Hartford-New Britain at Hartford, docket number CV88-0340578 S (February 3, 1992, Wright, J.) In Small v.South Norwalk Savings Bank, 205 Conn. 751, the Supreme Court stated "When the time limit to file a motion to set aside the verdict as against the evidence was twenty-four hours this court said: As we said in Brown v. Congdon, 50 Conn. 302, 311 (1882), with reference to a motion in arrest of judgment, the limitation, although the time is short, is found by experience to be on the whole for the interest of the public. We no more feel at liberty to disregard it on account of the hardship of a particular case than we do to disregard an ordinary statute of limitations for a similar reason." [internal quotation marks omitted] Small v.South Norwalk Savings Bank, 205 Conn. 751, 758, 535 A.2d 1292
(1988).
The plaintiff argues that in Small, supra, 205 Conn. 751, where the defendant's post trial motions were filed untimely, there was no claim of good cause for the failure to file, but that good cause does exist in this case. In Salati v. Lucia, Judge Corradino wrestled with the issue of whether a motion for an extension of time to file a Practice Book § 16-35 motion must be filed within the prescribed ten day period. Salati v. Lucia, CT Page 3077 Superior Court, J.D. of Ansonia/Milford at Milford, Docket Number CV 970054360 S (August 7, 1998, Corradino, J.). Judge Corradino did address the question of good cause in that case and found that such was lacking. When a motion to extend time is filed after the required period expires, "`good cause' has to invoke a scenario, for example, where a lawyer could not file the motion because of serious illness, closure of the court due to an unexpected emergency, et cetera." Salati v. Lucia, supra, 8940. If this court were to apply the "good cause" test in the present case, it would have to fail. The "good cause" is not, as plaintiffs contend, the unavailability of the transcripts. The "good cause" to be examined here is the failure to file the motion to set aside, or motion to extend the filing time for same, before the expiration of the prior time period. The cause, of course, is the failure of counsel and his law firm to keep track of the documents and see to their proper filing. This does not constitute "good cause" under Practice Book § 16-35. SeeSegretario v. Stewart Warner Corporation, 9 Conn. App. 355,519 A.2d 76 (1986) (Failure of counsel's secretary to diary his appointment was not good cause to open a non-suit since it constituted negligence)
The plaintiffs offer as an alternative theory that the court could consider their motions for extension of time as the "functional equivalent" of a motion to set aside the verdict. A reading of the Connecticut General Statutes Section 52-228b
prevents the court from acquiescing in that view. A motion to set aside the verdict must state the reasons relied upon, be filed and heard after notice to the adverse party according to the rules of court. Those motions to extend that were timely filed do not comply with Connecticut General Statutes 52-228b, and cannot be substituted for a motion to set aside the verdict.
The plaintiff's also exhort the court to grant their late motion for extension of time because both the court and opposing counsel were put on notice early on that the plaintiffs intended to file the motion to set aside the verdict. However, the Statutes and the Practice Book do not provide for notice of intention to file, but require the actual filing of the motion to set aside the verdict.
The court considered, also, the effect of Practice Book Section17-2 on these issues. This section reads in relevant part as follows:
CT Page 3078 If no motions under Sections 16-35 or 16-36 are filed, upon the expiration of the time provided for the filing of such motions, judgment on the verdict shall be rendered in accordance with the verdict, and the date of the judgment shall be the date the verdict was accepted. If motions are filed pursuant to Sections 16-35 or 16-36, judgment shall be rendered at the time of and in accordance with the decision on such motions.
In this case no motions were made under Practice Book §16-35 within the time prescribed or within any extensions granted by the court.[4] The time provided for the filing of such motions, and all extensions of that time, have expired and therefore judgment on the verdict was rendered in accordance with the verdict and the date of the judgment is the date the verdict was accepted, October 12, 1999. For the plaintiffs to advance their arguments logically, they would have to contend that a party who failed to file either a motion to set aside a verdict or motion to extend the time to do so within the first ten day period provided in § 16-35, and filed no appeal within the twenty day limit of Practice Book § 63-1, may nevertheless file a late motion addressed to the discretion of the trial judge. This flies in the face of the mandates of Practice Book § 17-2. So too, if no motion to set aside the verdict and no motion to extend time to do so is filed before the expiration of an extended period, as in the present case, the court has no authority or power to grant a late motion because judgment has been rendered as of the date the verdict was accepted, in this case October 12, 1999.
In summary, the court concludes that where, as here, neither a motion to set aside a verdict nor a motion to extend the time to do so is filed before the expiration of the ten day period set forth in Practice Book § 16-35 or before any extended period granted by the court expired, and the appeal period has expired, the court lacks the authority and power to grant a motion to set aside the verdict. Further, if good cause may be considered as a reason to grant a motion for extension of time filed beyond the time period sought to be extended, the court finds that no good cause has been demonstrated in this case.
The court is not unmindful of the harshness with which the plaintiffs may view this decision. Yet, the defendants are entitled to expect that the rules of court, and the interpretation heretofore given them, will be respected. There is CT Page 3079 no basis for interpreting the rules at issue here so as to create uncertainty for the prevailing party in a jury case. That party should not be required to guess whether within three weeks or three months after a final deadline for filing, a verdict in his favor will be resurrected.
The plaintiffs' motion for extension of time to file post verdict motions, filed on January 12, 2000, is denied as untimely filed without good cause, and the plaintiffs' motion to set aside the verdict as to defendants Pediatric Associates of Norwalk and Darien, P.C. and Dr. Norman Weinberger is denied as untimely filed.[5]
So Ordered.
D'Andrea, J.