[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, a professional corporation of engineers and land surveyors, brings this action as a successor in interest to another professional corporation, Somers and Schefiliti P.C. The plaintiff alleges in the complaint that it has succeeded to all of the assets of the predecessor corporation, including the claim in this action against the defendant.
The plaintiff has moved for sanctions against the defendant and his counsel for the defendant's "frivolous motions and repeated misstatements . . ." to the court. The motions in question challenge the plaintiff's standing to make its claim based on the plaintiff's response to an interrogatory propounded by the defendant. The interrogatory, number five in a request dated March 26, 1997, reads:
 State whether or not there are any documents transferring CT Page 7231 assets and liabilities or both from Somers and Schefiliti P.C. to Savarese and Schefiliti, P.C.
The response states:
To the best of my knowledge, there are none.
On November 19, 1997, Attorney Paul Yamin, counsel for the defendant, filed a motion to dismiss this action, contending that the plaintiff has no standing. The motion states "[i]n response to an inquiry as to whether or not there was a transfer of assets and liabilities from Somers and Schefiliti, P.C. to the plaintiff Savarese and Schefiliti, P.C., the response of the plaintiff was, `to the best of my knowledge, there are none.'" This description of the interrogatory and answer is erroneous in that interrogatory number five did not ask whether there was a transfer, but rather whether there were documents evidencing the transfer. The sole basis for the motion to dismiss was interrogatory number five and the plaintiff's response.
On December 10, 1997, the plaintiff filed an objection to the motion to dismiss, an affidavit from the president of the plaintiff corporation and exhibits and a memorandum of law. All three filings pointed out the misstatement of defendant's counsel concerning the interrogatory. Defendant's counsel, however, did not withdraw or amend the motion to dismiss after the plaintiff demonstrated the inaccuracy of the representation in the motion. The motion to dismiss and objection were submitted to the court on January 20, 1998. On February 9, 1998, the court (Shortall, J.) denied the defendant's motion to dismiss.
On February 19, 1998, only ten days after the denial of the motion to dismiss, counsel for the defendant filed with the court a "Motion in Limini [sic] Re Issue of Successor in Interest of Plaintiff to Somers Schefiliti P.C.," seeking to exclude at trial all evidence that the plaintiff is a successor in interest to Somers Schefiliti, P.C. The motion states that interrogatories were filed "requesting information as to the transfer of assets and liabilities for [sic] Somers Schefilite P.C. to the plaintiff Savarese Schefilite [sic] P.C." and that the plaintiff's response to the inquiry was, "`To the best of my knowledge, there are none.'" The motion again misstates the content of interrogatory number five and makes it appear that the plaintiff's response was an acknowledgment that there was no transfer of assets when the response was in fact an CT Page 7232 acknowledgment that there were no documents relating to the transfer.
The plaintiff filed an objection to the motion in limine and the motion for sanctions which is now before the court. The motion for sanctions sets forth the misstatements made in both the motion to dismiss and the motion in limine and the steps that the plaintiff had to take to bring the misrepresentations to the attention of the court. The motion requests relief, including an award of the attorney's fees incurred by the plaintiff in opposing both motions.
The motion for sanctions first came to the court as a non-arguable matter on the short calendar. After reviewing the motion and the file, it appeared to the court that the motion might be meritorious. Therefore, the court scheduled a hearing on the motion, principally to hear from counsel for the defendant with respect to the merits of the motion. Counsel for the defendant has not filed at any time any papers in opposition to the motion for sanctions.
At the hearing, defendant's counsel strongly denied making any misrepresentation to the court. He stated that it did not "make any difference" whether the interrogatory addressed documentation of a transfer or the transfer itself. Under questioning by the court, however, he admitted that he represented to the court in the motion to dismiss that the interrogatory answer acknowledged no transfer of assets rather than no documentation of the transfer. He then stated that he had no intent to make a misrepresentation to the court and that his statement was not malicious. He did not contend, however, that the misstatement was simply a mistake on his part.
The trial court has the inherent authority to regulate the conduct of attorneys and the duty to enforce standards of conduct regarding attorneys. Bergeron v. Mackler, 225 Conn. 391,397 (1993). The court further has the authority to impose reasonable sanctions to compel the observance of its rules.Stanley v. Hartford, 140 Conn. 643, 648 (1954).
Both the Rules of Professional Conduct and Connecticut Practice Rules require candor in an attorney's dealings with the court. Rule 3.3(a)(1) of the Rules of Professional Conduct provides, "[a] lawyer shall not knowingly make a false statement of material fact or law to a tribunal." Practice Book § 4-2
CT Page 7233 requires that every paper filed by a party represented by an attorney be signed by the attorney. It further provides in part, "[t]he signing of any . . . motion . . . shall constitute a certificate that the signer has read such document, that to the best of the signer's knowledge, information and belief there is good ground to support it . . ."
Counsel for the defendant clearly has violated both Rule 3.3(a)(1) and Practice Book § 4-2. In the motion to dismiss and the motion in limine, both of which are based on interrogatory number five and its response, he knowingly misstated the content of the interrogatory. There was no good ground to support either motion. The misstatement in the motion in limine is particularly egregious because it was made only ten days after the court had denied the defendant's motion to dismiss, thereby clearly rejecting the merit of the defendant's claim.
The court finds no merit to the claim of the defendant's counsel that the misstatements were not malicious or intentional. Counsel cites no authority in support of his claim that the misstatement must be malicious or intentional for the court to impose sanctions. The court has found that both misstatements were knowingly made. Counsel for the defendant persisted in presenting his motion to dismiss to the court, without correction, despite knowing of the misstatement in the motion as pointed out in the plaintiff's objection. He then made the same misstatement again in the motion in limine despite Judge Shortall's denial of the motion to dismiss. Counsel's repetition of the misrepresentation after the court rejected his claim by denying the motion to dismiss might very well evidence malice if malice were required. The court finds that sanctions against defense counsel are appropriate in this case.
A sanctions order against an attorney has both a compensatory and a deterrent purpose. CFM of Connecticut Inc. v. Chowdhury,239 Conn. 375, 402 (1996). The court's objective is to compensate a party for expenses incurred as a result of wrongful conduct as well as to deter any further instances of such misconduct. Id.
The plaintiff seeks a compensatory award of $1755 in attorney's fees incurred by plaintiff to prepare and file the objection, affidavit and memorandum in opposition to the motion to dismiss, the objection to the motion in limine, and the motion for sanctions and supporting affidavit, plus additional fees for a court appearance on the motion to dismiss and the hearing on CT Page 7234 the motion for sanctions. The court finds that the fees incurred by the plaintiff are reasonable in amount and were reasonably incurred to oppose the motions filed by defense counsel which contained the misstatements. The court grants the motion for sanctions and orders defense counsel to pay attorney's fees to the plaintiff in the total amount of $1905, which is comprised of attorney's fees of $1755 incurred prior to the hearing on the motion for sanctions plus $150 in attorney's fees for the hearing on the motion for sanctions. Payment is to be made within thirty days. The remaining relief requested by the plaintiff is denied.
VERTEFEUILLE, J.